## SUPREME COURT.

ERASTUS DAVISON, Respondent agt. PHILIP J. POWELL, Appellant.

The plaintiff alleged in his complaint "that he sawed and converted logs, on the days, at the times, and in the manner, and at the prices therefor charged in the *annexed account*, which he refers to as part of his complaint," and that the defendant was indebted, &c.

The defendant alleged in his answer, that "he denies the allegations of the plaintiff's complaint, to wit: That the plaintiff sawed and converted logs into boards, for the defendant on the *days*, and at the *times*, and to the *extent* or *quantity*, or in the *manner* mentioned in the complaint," &c.

*Held*, that by this denial the defendant formed no issue in the pleadings that denied the correctness of the plaintiff's account, or that he performed on the *days* and at the *time* and to the *extent or quantity* mentioned. It was a denial containing merely a *negative pregnant*, and amounted to no denial of any single allegation.

*Books of account* are not incompetent evidence. They were always a low species of evidence, but they are allowed to be *some* evidence, and if corroborated, will sustain a judgment, and especially when the account is made a part of the complaint and sworn to.

The *memoranda* of a sawyer made upon boards and slips of paper, if truly copied into a regular book of account, make it a book of original entries.

*Fourth District, General Term, Plattsburgh, May,* 1858.

C. L. ALLEN, JAMES *and* ROSEKRANS, *Justices.*

THIS is an appeal from a judgment entered upon the report of a referee. The complaint is for work and labor for the defendant in sawing lumber, viz: "*that he sawed and converted logs into boards on the days, at the times, and in the manner, and at the prices therefor charged in the annexed account, which he re-*

*fers to. as part of his complaint,"* and that the defendant is indebted to the plaintiff in respect to such work, labor and services, in the sum of $178.09, after making all proper deductions and credits, &c. The bill of items is annexed and verified. Defendant answers.:

1st. He denies the allegations of the plaintiff's complaint, to wit : " that the plaintiff sawed and converted logs into boards, for the defendant on the *days,* and at the *times,* and to the *extent or quantity,* or in the *manner* mentioned in the complaint."

2d. That he carried to plaintiff's saw mill, and delivered to the plaintiff to be sawed into lumber, according to orders given, by defendant, (between certain dates,) logs sufficient in number and size, to make the number of feet of lumber mentioned in the complaint, or more ; that plaintiff by his carelessness or other wrongful acts, either destroyed, wasted or converted in some way, about 14,000 or 15,000 feet of defendant's lumber or logs, of the value of between $200 and $300 : and also, that the lumber received by him from the plaintiff's mill, was carelessly and improperly sawed, and not according to the contract, and that the defendant sustained damages in that behalf to the last-mentioned sum of money, which he sets up by way of set-off, recoupment or counter claim. Plaintiff replies, denying the matters set up in the counter claim, &c. The referee reports a balance in favor of the plaintiff for $108.73.

The defendant excepts to four only of the seventeen findings of the referee ; three of them, the 3d, 9th and 14th, being findings of facts, and the 17th being the conclusions of law as to the amount plaintiff was entitled to recover. The excepted part of the facts in the 3d finding was, *that four of the defendant's logs were sold or given away by the defendant, and twenty more were not fit to.be and were not sawed into anything.*

To the 9th finding, that the plaintiff's account (annexed to the complaint) is not correct. To the 14th, that the measurement of Cramer, (who measured lumber for Eaton & Gilbert,) was careless, negligent, erroneous and utterly unreliable.

J. C. ORMSBY, *for plaintiff.*

E. F. BULLARD, *for defendant.*

By the court—POTTER, Justice. There is *some* evidence to sustain the referee's *third* finding. Peter Bortle, a witness, states, that " about twenty-five of the oak logs were unsound and not used, not fit for lumber; Powell drew them away; one or two pine logs were bad."

Christopher A. Brown testifies, that Powell gave away *two* logs. Frederick D. Morehouse, says, " I sawed *one* of Powell's logs for Porter, and charged the sawing to him." Ransom Baker says, " four or five of the oak logs were rotten or dozy." There is also some evidence to sustain that part of the 14th finding excepted to by the defendant.

The witness Cramer, though he gives the measurement in feet, yet says that *he does not suppose he applied his rule to one quarter of the pieces,* says it was bad lumber to measure, and he was vexed at it, and that he called it bad manufactured lumber. His principal, Mr. Gilbert, on the contrary, says it *was pretty fair manufactured lumber.*

The exception to the 9th finding, " that the plaintiff's account was correct," is probably the main issue in the case; and all the exceptions in the case are proper to be examined in reference to this issue.

It would be a sufficient legal answer to this exception, to say, that the defendant has no issue in the pleadings that *denies* the *correctness* of this account. The only pretence of a denial is the first answer, which is a *negative pregnant,* and amounts to no denial of any single allegation. He denies that the plaintiff performed on the *days,* and at the *times* and to the *extent or quantity* mentioned. This is no denial of anything certain. This alone would entitle the plaintiff to an affirmance of the judgment; still, if it could be seen from the case, that injustice would be thereby done, the court might permit an amendment of the pleadings to help the case in this respect. But if we look into the merits of this question, from the evidence there is enough to justify the report of the referee.

The referee does not hold or decide that he adopts the books of the plaintiff as evidence, and there is evidence enough without the books to sustain his conclusion. The sworn answer sets up that there were logs sufficient in number and size to make the quantity of lumber charged, and the defendant does not include the price of sawing as among the things that he denies in his answer. The price, therefore, is not an issue in the case. There *is* evidence of a large quantity of lumber to defendant, and that the defendant drew it away with his own teams. He had, therefore, the means of accurate measurement himself. The charges in the bill for extra work, and the damages for waste and carelessness, the referee has allowed to the defendant, and he has passed upon those issues by deducting those items from the bill. Nor do I think the book of account was incompetent evidence. They were always a low species of evidence, but they are allowed to be *some* evidence, and if corroborated will sustain a judgment, and especially when the account is made a part of the complaint and sworn to. The book was not a ledger, as it is called by the defendant's counsel. Had the proof rested entirely upon this book, it would have been a weak case of proof, much too weak to be relied on; still it is within the cases admitted to some weight, and it would perhaps alone have sustained a judgment upon report of a referee who had seen and examined it. The memoranda of the sawyers upon boards and paper memoranda, if truly copied into this book, make it a book of original entries within the case of *Smith* agt. *Sandford*, (12 *Pick.* 139,) and *Sickles* agt. *Mather*, (20 *Wend.* 72,) and there is evidence of such copying. The judgment must, therefore, be affirmed.