## HENSLEY *v.* TARTAR *et al.*

Where a complaint is verified, an answer denying "generally and specifically each and every material allegation in the complaint, the same as if such allegation were herein recapitulated," and also denying each allegation in the same form, with certain qualifications and exceptions, does not raise an issue upon any fact stated in the complaint.

A sworn answer must be consistent in itself, and must not deny in one sentence, what it admits to be true in the next.

*Query,* whether this rule does not also apply to pleadings not verified.

The legal effect of general denials, as in this case, is not changed by expressions showing that they were intended to be specific.

Appeal from the Fifteenth District.

The form of the denial, aside from that quoted by the Court, is: "This defendant further says, that he makes a specific denial of each allegation in the said complaint contained, with the exception of such qualifications and exceptions as may occur in this answer."

The balance of the answer, in substance, admits possession, and avers that it was legally obtained.

*Burt & Rhodes,* for Appellant.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an action of ejectment. The complaint is verified and

sets forth facts sufficient to entitle the plaintiff to recover. The defendants answer separately, but the denials contained in the answers are general and not specific. The defendant, Hanson, admits that he was in possession of the premises when the suit was brought, and denies generally the other allegations of the complaint. He, however, disclaims any title to, or interest in, the premises in controversy. Defendant, Tartar, in the first place, denies the allegations of the complaint in the following general form : " And now comes Nicholas Tartar, one of the defendants, and makes his separate answer and says, that he denies generally and specifically each and every material allegation in the complaint, the same as if such allegation were herein recapitulated." He then denies each of such allegations in the same form, but subject to certain qualifications and exceptions. It is sufficient for this case to say that these denials do not raise an issue upon any fact stated in the complaint, but it is proper to say further that a sworn answer should be consistent in itself, and should not deny in one sentence what it admits to be true in the next. The object of sworn pleadings is to elicit the truth, and this object must be entirely defeated if the same fact may be denied and admitted in the same pleading. This suggestion is thrown out for the purpose of calling attention to a practice which, if allowable at all under our system, can only be resorted to where the pleadings are not verified.

The point in the present case is this : The plaintiff was non-suited for failing to introduce evidence in support of certain allegations of the complaint. This he assigns as error, and contends that under the pleadings these allegations were to be taken as true, and that the evidence was therefore unnecessary. Sec. 65 of the Practice Act, provides that ." every material allegation of the complaint, when it is verified, not specifically controverted by the answer, shall, for the purpose of the action, be taken as true. (Wood's Dig. 175.) In this case neither of the answers contains a specific denial of any material allegation in the complaint. The denials are in the most general form, and their legal effect is not changed by expressions showing that they were intended to be specific.

Judgment reversed, and cause remanded for a new trial.