EZRA SCOVILL, APPELLANT, *v.* HARLOW BARNEY, RESPONDENT.

PLEADINGS—DENIALS.—A denial that property sued for is of the exact value alleged in the complaint is an admission of any less value.

IDEM—CONJUNCTIVE DENIALS.—Facts stated conjunctively in a complaint should not be denied in the answer as a whole, as conjunctively stated, but should be disjunctively denied in order to raise an issue.

COURT OF EQUITY WILL INTERPOSE—WHEN.—Mere mental weakness, or inadequacy of consideration standing alone, will not warrant the interference of a Court of equity in ordinary cases; but where both these elements are present, equity will take jurisdiction.

APPEAL from Polk County.

The material facts are stated in the opinion of the Court.

*Mitchell & Dolph, and Hill, Thayer and Williams,* for Appellant.

*Ben. Hayden and Boise & Willis,* for Respondent.

By the Court, McARTHUR, J. :

This is a suit to set aside or redeem from conveyance the tract of land described in the complaint.

A number of objections were urged to the sufficiency of the answer, into which an examination is deemed necessary.

The complaint alleges that the land in controversy was of the value of twelve thousand dollars on February 15, 1870.

The answer denies " that the said premises were, on the 15th day of February, 1870, worth twelve thousand dollars." This, it is contended, is not a denial of the allegation in the complaint, but is an admission that the lands were, on the day mentioned, worth any sum less than twelve thousand dollars, and raises no issue in relation to the value of the premises. This position is undoubtedly correct, for it is a well-settled rule of pleading under the Code that a denial that the property sued for is of the exact value alleged in the complaint is an admission of any less value. (*Leffingwell* v. *Griffen,* 31 Cal. 232.)

In *Schœtzel* v. *The Germantown Mutual Ins. Co.* (22 Wisc. 412), the complaint alleged that on a particular day certain property which was insured in the said company was all destroyed by fire. The answer denied the allegation in the very words of the complaint. It was held that the answer stated no defense, and offered no material issue. " Such a denial," said the Court, " is a negative pregnant with the admission that it may have been all destroyed on some other day, or that a part may have been destroyed on the day named. Such denials have been always held insufficient."

In *Lynd* v. *Picket et al.* (7 Minn. 184), it was held that when the question of value is material, a denial that the

property was of the value alleged in the complaint is insufficient and amounts to an admission of the allegation. The denial should state the property is of no value, or the value as the party claims it to be. Upon this point see also *Baker* v. *Bailey*, 16 Barb. 54; *Salinger* v. *Lusk*, 7 How. Pr. 430; *Davison* v. *Powell*, 16 How. Pr. 467.

Another material allegation of the complaint is that the plaintiff was then, February 15, 1870, mentally infirm *and* not of sound mind, *and* so insane as to be wholly incapable of attending to business.

It will be observed that the facts in this allegation are stated conjunctively. The denial is as follows: "Defendant also denies that at the date of the 15th day of February, 1870, the plaintiff was mentally infirm *and* not of sound mind, *and* so insane as to be *wholly* incapable of attending to business." Thus the facts stated conjunctively in the complaint are undertaken to be answered by the defendant denying them as a whole, as conjunctively stated, as will be seen by placing the aggregated statement of facts in the complaint in juxtaposition with the answer made thereto.

This mode of answering is in violation of the common law rules of pleading, and also of the rule established by the Code, which provides that the answer shall contain a specific denial of each allegation of the complaint controverted, or a denial thereof, according to the defendant's information and belief. (*Busenius* v. *Coffee*, 14 Cal. 91; *Hensley* v. *Tartar*, 14 Cal. 508; *Blankman* v. *Vallejo*, 15 Id. 638; *Kuhland* v. *Sedgwick*, 17 Id. 123; *Canfield* v. *Sanders*, 17 Id. 569; *Brown* v. *Scott*, 25 Cal. 195; *Landers* v. *Bolton*, 26 Cal. 417; *Hopkins* v. *Everett*, 6 How. Pr. R. 159; *Salinger* v. *Luck*, 7 Id. 430; *Davidson* v. *Powell*, 16 Id. 467; *Sherman* v. *N. Y. C. Mills*, 1 Abb. 187; *Baker* v. *Bailey*, 16 Barb. 54.)

The defendant, using the language of the complaint, denies that the plaintiff was *wholly* incapable of attending to business, and also "denies that on a certain day he fraudulently took advantage of the plaintiff's incapacity, and, under pretense of making a loan to plaintiff, fraudu-

lently procured him (plaintiff) to sign and execute a certain writing of that date under seal, which purports to be a deed of such premises." And again he stops with the denial "that said note and the proceeds thereof was the only consideration thereof which the plaintiff received for said deed," without alleging what further or other consideration was received by the plaintiff, which he should have alleged if he relies upon any further consideration.

Under the rule just referred to, every one of these denials is insufficient, and the case is with the plaintiff on the pleadings. But inasmuch as counsel have submitted the entire case, together with all the depositions, to this Court, we have concluded to pass by the questions relating to the technical sufficiency of the pleadings and to decide this suit upon the merits.

We are of opinion that the preponderance of testimony clearly shows that at the time the deed in question was executed, the plaintiff was of such weak understanding as to be incompetent to transact business, and that the consideration paid for the land in controversy was grossly inadequate. These conclusions of fact being reached, the question of law to be determined is, can equity afford relief?

In 3 Leading Cases in Equity, 136, it is said that "a Chancellor will not interfere under ordinary circumstances, on the ground of mental weakness, or of inadequacy of consideration, so long as either stands alone, and there is no reason for supposing that one has led to or resulted in the other. When, however, both these elements are present the case changes its aspect, and there will be ground for an inference that the inadequacy is due to the exercise of undue influence, or that undue advantage has been taken of the weakness, and equity will set the whole transaction aside unless this presumption is rebutted satisfactorily. Hence, while proof that the powers of one of the parties to a contract were decayed or enfeebled may be nothing in itself, it will be everything when the bargain is one that no man, in the full possession of his faculties, would have made, and that no man should have made with another who

had lost the power of taking care of himself." The authorities upon this point are overwhelming. The presumption alluded to has not, in our opinion, been satisfactorily rebutted, hence the doctrine applies to and must govern in this case.

The defendant's counsel insist that the conveyance was executed by the plaintiff to enable him to defraud his creditors, and that the rules of equity cannot be invoked to assist him in recovering the property. We have found that the plaintiff was at the time of weak understanding, and that he was overreached in the transaction by the defendant. His mental condition was such as would release him from moral responsibility, and equity will relieve him from the effect of the contract. It is settled, we think, beyond controversy, that where a party is of weak understanding, and is overreached in a transaction, Courts of equity will not enforce a rule for the prevention of fraud when, in so doing, a greater fraud would be sanctioned. (*Collins* v. *Blanton*, 1 Smith's L. C., pt. 1, p. 637; *Ford* v. *Harrington*, 16 N. Y. 285.)

In both these cases the numerous authorities bearing upon this question are cited and referred to.

We do not deem it necessary to pass upon the question of the intention of the plaintiff in executing the deed, for whether mortgage or deed absolute, the same causes which move us to relieve against the one would operate to relieve against the other.

It follows that the decree in the Court below must be reversed, and a decree in accordance with this opinion be entered here.

Decree reversed. _____