J. MOSER, RESPONDENT, *v.* N. JENKINS, APPELLANT.

REPLEVIN.—The action for the recovery of personal property, under the Code, is substantially the former action of replevin, and is governed by the same principles and rules, especially in relation to demand and refusal.

IDEM—AFFIDAVIT NO PART OF THE PLEADINGS.—The affidavit, under which an immediate delivery is sought, is no part of the pleadings, and the facts therein set forth form no part of the issues in the case.

PLEADINGS—CONJUNCTIVE DENIALS.—No issues can be raised by conjunctive and literal denials.

APPEAL—WHAT AMENDMENTS NOT ALLOWED ON.—Upon an appeal from an inferior court to the Circuit Court, no amendment, which substantially changes the issues raised and tried in the inferior court, can be allowed.

APPEAL from Marion County.

This is an action by Moser to recover certain personal property owned by him, alleged to have been wrongfully

taken and detained by Jenkins. It was originally brought in a Justice's Court, and after judgment was duly appealed to the Circuit Court. In the Circuit Court, Moser had a verdict in his favor, and recovered judgment thereon, from which Jenkins appeals.

The other facts are stated in the opinion of the Court.

*P. C. Sullivan* and *E. L. Eastham,* for Appellant.

*Mallory & Shaw,* for Respondent.

By the Court, McARTHUR, J.:

Section 206 of the New York Code, and § 509 of the California Code, are almost identical with § 130 of the Code of Oregon. They differ only as to the time within which an immediate delivery of the property, the subject of the action, can be claimed by the plaintiff. Such being the fact, § 130 must be viewed in the light of the New York and California cases. In the absence of any precedents of this Court, we cannot but regard all the well-considered cases in New York and California as authorities binding upon us. The view taken by the New York courts is, that the action given by the Code for the delivery of personal property is substantially the former action of replevin; changed, indeed, in its name, and modified in its form, but in its principles and objects identical. (*McCurdy* v. *Brown,* 1 Duer, 105.) There were no substantial changes made as to the requisites of maintaining the action. (*Scofield* v. *Whitelegge,* 49 N. Y. 261.) An examination of the California reports discloses the fact that it is almost universally regarded as the old action of replevin, and the word itself, as descriptive of the character of the action, is used in nearly all the cases.

The action lies both in the *cepit* and *detinet.* Where goods or chattels are wrongfully taken the action is in the *cepit,* and where they are wrongfully detained it is in the *detinet.* The complaint in this action is for both wrongful taking and wrongful detention. There is no allegation of demand and refusal; hence it is contended by the appellant's counsel that the complaint does not state facts sufficient to consti-

tute a cause of action.   This position is not well taken; for
in an action for wrongful taking *and* wrongful detention de-
mand is not necessary.   When, however, the plaintiff relies
upon wrongful detention, demand must be pleaded as well
as proved.   When he relies upon wrongful taking, or upon
wrongful taking *and* wrongful detention, demand is not nec-
essary.   Nor is this complaint defective upon the other
point alluded to in the argument.   It alleges lawful posses-
sion in the plaintiff, at a certain time and place, of certain
personal property, which is sufficiently described.   It is not
necessary, in an action for the recovery of the possession of
personal property, that the complaint should correspond
with the affidavit, which the Code requires to be made and
indorsed in the manner prescribed, before delivery can be
had.   In such affidavit certain prescribed facts must be set
out and sworn to, but they form no part of the issues in the
case.  (*Kerrigan* v. *Ray*, 10 How. Pr. R. 213.)

Passing to the consideration of the answer, we find that
the denials are in the following form:

1.  "That on the 10th day of April, 1875, the plaintiff was
lawfully possessed of one dark bay mare about six years old,
and one bay horse about seven years old, and one set of two-
horse harness;

2.  "That on and ever since the 10th day of April, 1875,
the defendant wrongfully took and detained said goods and
property from this plaintiff;

3.  "That he still unjustly detains the same to the dam-
age of this plaintiff in the sum of fifty dollars, or any other
sum."

It will be observed that the first and second denials are in
the conjunctive form, and are also what is known as literal
denials.   They are insufficient to raise any issues, and are
virtual admissions of the truth of the allegations they were
intended to deny.   (17 Cal. 569; 22 Id. 163; *Scovill* v. *Bar-
ney*, 4 Or. 288.)   The third denial, besides being a literal
denial, except as to the amount of damages, is insufficient
to raise an issue in relation to the wrongful taking, which is
the gist of this action.

Entertaining the views just expressed in relation to the

pleadings, we do not deem it necessary to examine into any of the errors complained of, except one which will be presently alluded to; for when a party by his bad pleadings has admitted away his case, any error committed by the court must be regarded as innoxious.

The exception alluded to, and the one which we have deemed it necessary to express our views upon, is, that after the trial had begun in the court below, the appellant moved that he be allowed to file an amended answer. The court denied the motion, and this is charged as error. By the proffered amended answer, the defendant sought to set up a state of facts in justification. The Court properly denied the motion. It was its duty to try the cause on the pleadings substantially as they came from the Justice's Court; and the amended answer tendered other issues entirely. It is only when the proposed amendment does not substantially change the issues tried in the Justice's Court, that the Circuit Court should permit it.

Judgment affirmed.