[No. 19440.    Department Two.—August 3, 1895.]

J. SAMONSET, Respondent, v. GEORGE L. MESNA-
GER, Defendant, and PIERRE DARANCETTE,
Appellant.

Negligence—Gratuitous Agency to Loan Money—Investment With-
out Security — Liability of Agent for Neglect.—A gratuitous
agent for the lending of the money of his principal is bound to exercise
good faith and ordinary diligence, and to act with a sound discretion
in investing it; and it is not a sound discretion to invest it on the
mere personal security of the person to whom it is lent; and, if he so
lent it, and neglected to collect the money for the principal when he
might have done so, because he feared that if he attempted to collect it
the debtor would be crippled and rendered unable to pay a debt owed
to himself and his partner, until the debtor became bankrupt, he is
guilty of gross negligence in the management of the money intrusted
to him and is liable for its loss.

Id.—Contributory Negligence of Principal—Absence from State—
Want of Knowledge. — Where the principal, after intrusting the
money to the agent for investment, went to France and there remained
without knowledge of the mismanagement of his money by the agent
until a short time before the action was commenced, he is not guilty of
contributory negligence.

Id.—Lost Letter—Oral Proof of Contents.—The contents of a letter
addressed by the principal to his brother, directing him to go to the
agent and demand the payment of the money, and, unless paid, to com-
mence an action to recover the same, upon proof of loss and diligent
search therefor without ability to find it, may be proved by parol evi-
dence in an action against the agent to recover the money.

Appeal from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
W. H. Clark, Judge.

The facts are stated in the opinion.

Horace Bell, for Appellant.

A gratuitous agent is only liable for gross negligence.
(Mechem on Agency, secs. 497, 503.)

E. A. Rizon, and H. H. Appel, for Respondent.

Defendant, having loaned the money without secu-
rity, is liable for its loss.   (Mechem on Agency, sec. 509;
Perry on Trusts, secs. 462–64; Clark v. Garfield, 8 Allen,

427.)   There was no ratification of the principal, the agent never having acquainted him with the facts. (*Lester* v. *Kinne*, 37 Conn. 9; *Billings* v. *Morrow*, 7 Cal. 171; 68 Am. Dec. 235; *Dean* v. *Bassett*, 57 Cal. 640; *Adair* v. *Brimmer*, 74 N. Y. 539; *Davidson* v. *Dallas*, 8 Cal. 227; Civ. Code, secs. 2020, 2314; Mechem on Agency, sec. 538.)   If a debt is lost by loaning it on personal security when it could have been collected before bankruptcy, the agent is liable.   (*Will's Appeal*, 22 Pa. St. 330; *Hemphill's Appeal*, 18 Pa. St. 303; *Neff's Appeal*, 57 Pa. St. 96; Perry on Trusts, sec. 440; *Allen* v. *Suydam*, 20 Wend. 321; 32 Am. Dec. 555; *Buell* v. *Chapin*, 99 Mass. 594; 97 Am. Dec. 58; *Reed* v. *Northrup*, 50 Mich. 442; *Wiley* v. *Logan*, 95 N. C. 358.)   A gratuitous agent is liable for loss or damages occasioned by his failure to exercise skill, prudence, and care.   (*Passano* v. *Acosta*, 4 La. 26; 23 Am. Dec. 470; *Williams* v. *Higgins*, 30 Md. 404; *Spencer* v. *Towles*, 18 Mich. 9; Mecham on Agency, sec. 479.)

Belcher, C.—This is an action to recover the sum of five hundred dollars, with interest thereon.

The court below found the facts and rendered judgment in favor of the plaintiff, from which and from an order denying a new trial the defendant, Darancette, appeals.

The facts, as disclosed by the record, are, in substance, as follows: In 1886 respondent, being about to leave the city of Los Angeles and go to France, left with appellant the sum of five hundred dollars to be loaned out by him at interest for the use and benefit of respondent. Appellant received the money and agreed to loan the same, without any charge or compensation for so doing, and to collect the principal and interest, and, when collected, to remit the same to respondent in France.

About October 1, 1886, respondent departed from Los Angeles and went to France, where he has ever since resided.   Within a few days after his departure appellant loaned the said five hundred dollars to one Couture

and took his promissory note therefor, payable in one year, with interest at the rate of twelve per cent per annum, but took no security for its payment. The loan to Couture was made to enable him to commence and carry on business in selling groceries and liquors, and appellant furnished him goods from a store in Los Angeles, then owned and conducted by a firm of which he was a member.

After the note became due, appellant took no steps to collect it, except he asked Couture several times for the money, and was told by him not to be afraid, that the note was good for a considerable time, and that he had not the money then but would get it and pay all that he owed.

Couture closed out his business, and in January, 1888, went to France, where he remained till the latter end of that year, and then returned. On his return he again went into business in East Los Angeles, and was furnished with goods and merchandise by appellant's firm. He thereafter continued in his said business until April, 1891, when he became absolutely bankrupt and unable to pay the said five hundred dollars so loaned him, or the interest thereon, and has so continued ever since.

Some time in 1890 appellant took a new note from Couture for the amount due respondent, and again, on April 21, 1891, he took another new note from him. The first two notes were made payable to appellant, and the last was payable to appellant and respondent two years after date, and was for two thousand dollars, bearing interest at the rate of ten per cent per annum, which sum included the amount due respondent, seven hundred and eighty-nine dollars and thirty-six cents, and the balance of an indebtedness due appellant.

When Couture returned from France he had three thousand five hundred dollars in money, two thousand dollars being on deposit in a bank in Los Angeles, and he says appellant never asked him to pay the five hundred dollars due respondent, and that if he had he could and would have paid it.

During all the times mentioned appellant "failed and neglected to collect the said sum of five hundred dollars from said Couture, or the interest thereon, and used no diligence or reasonable means, or any means at all, to collect said sum of money," and, as an excuse therefor, he says: "I didn't wish to bring suit against Mr. Couture, who owed this five hundred dollars, because Mr. Couture owed me and Mr. Mesnager also, and if I should attach his business he would have been crippled so that he could not pay me and my partner what he owed our firm."

Appellant failed to inform respondent in regard to the said loan, and of the fact that he had not required or obtained security therefor, and at no time did respondent know that the loan had been made to Couture without security and the money lost until a short time before this action was commenced, when, by his agent, he demanded of appellant the repayment of the money, and "he refused to pay it, and said, 'I don't want to be molested. Neither you or he can collect that money, because the time has gone by.'"

Upon these facts the question is, Was appellant guilty of such negligence as rendered him personally liable to respondent?

It is claimed for appellant that some of the findings were not justified by the evidence, and the first point made under this head is that there was no evidence to support the finding that respondent left the money in question with appellant about the time of his departure from Los Angeles, and that within a few days after his departure appellant loaned the money to Couture; and it is said that the evidence of appellant shows beyond question that the money was loaned on August 21, 1886. A sufficient answer to this point is that the finding is in almost the exact language of appellant's verified answer, and its correctness cannot, therefore, be questioned by him. The other findings objected to are not without support in the pleadings and evidence, and the judgment cannot, therefore, be reversed on the first ground urged.

It is further claimed for appellant that his agency was merely gratuitous, and that a gratuitous agent can only be held liable for gross negligence.

But such an agent is bound to exercise good faith and ordinary diligence. As was said in *Herrick* v. *Hodges*, 13 Cal. 434: "If defendant had undertaken this agency he would be bound, though it were gratuitously undertaken, to good faith and ordinary diligence in executing what he pretended to do." And the general rule is that trustees, having trust money to invest, must act in good faith and with a sound discretion in investing it, and that it is not a sound discretion to invest in mere personal securities. (Perry on Trusts, secs. 453, 459.)

Here it appears from appellant's own testimony, given on cross-examination, that he did not know what Mr. Couture's circumstances were when he loaned him the money; that Couture worked as a barkeeper for his firm in 1886 or 1887, but how long he could not say; that he never knew what wages he was getting; that he took no security for the loan; that he did not ascertain whether Couture purchased any property or not; that he loaned the money for one year, and when the debt became due did not collect it, and did not know what Couture was doing at that time; that with the money and with goods and merchandise he helped Couture to start in business; that when he received the money from respondent he agreed to collect it and remit it; that he allowed the time to go by without payment of principal or interest until 1891, when Couture became bankrupt, because he was afraid if he brought suit that Couture would be crippled, and unable to pay what he owed him and his partner.

This testimony was of itself quite sufficient to show that appellant did not exercise ordinary diligence or a sound discretion in the management of the money intrusted to him, but was guilty of gross negligence.

The point that respondent was guilty of contributory negligence, and therefore not entitled to recover, cannot be sustained. He was in France during all the

times named, and had no knowledge of the mismanagement of his money by appellant until a short time before this action was commenced.

So the point that the court erred in admitting in evidence proof of the contents of a lost letter from respondent to his brother here is also untenable. The letter directed the brother to go to appellant and demand the payment of the said five hundred dollars, and, unless paid, to commence an action to recover the same; and the recipient of the letter testified that he had lost it; that he had looked for it a great deal, and that he thought at one time he might have left it at the office of his attorney, but he had looked for it there and had been unable to find it. This testimony was sufficient to justify the ruling complained of.

The judgment and order appealed from should be affirmed.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.