[S. F. No. 1194.   Department One.—March 13, 1900.]

## FRANCISCO JOSE PEREIRA, Respondent, v. CITY SAVINGS BANK, Appellant.

ORDER DENYING NEW TRIAL—ABSENCE OF BILL OF EXCEPTIONS OR STATEMENT—REVIEW UPON APPEAL.—Where the notice of intention to move for a new trial stated that the motion would be made upon a bill of exceptions, and no properly authenticated bill of exceptions or statement of the case was presented to the trial court upon the hearing of the motion, that court was not in a position to review its own action as to alleged errors of law, or as to the insufficiency of the evidence, and the order denying the motion cannot be reviewed upon those grounds upon appeal.

ID.—UNSIGNED "ENGROSSED BILL OF EXCEPTIONS"—INCLUSION OF BILL IMPROPERLY SIGNED—FILING AFTER DECISION OF MOTION.—An instrument purporting to be a bill of exceptions to be used on motion for a new trial, as required by the notice of the motion, which is included in an unsigned "engrossed bill of exceptions," and is signed, not by the judge who tried the cause, but by the judge who passed upon the motion, and is filed with the unsigned engrossed bill, and as part of it, long after the hearing and decision of the motion, cannot be considered upon appeal from an order denying the motion.

ID.—IRREGULARITY OF TRIAL COURT—INSUFFICIENT RECORD.—The alleged irregularity of the trial court, as ground for a new trial, cannot be considered upon appeal when the affidavits or other evidence used upon the hearing of the motion are not incorporated in a bill of exceptions as required by rule 29 of this court, and only one authenticated affidavit appears in the record, without anything to show that there were no counter-affidavits, or that the authenticated affidavit constituted the only evidence taken with reference to such irregularity.

ID.—PRESUMPTION UPON APPEAL—VALIDITY OF JUDGMENT.—Every presumption upon appeal is in favor of the validity of the judgment, when not otherwise affirmatively shown by the record.

APPEAL from an order of the Superior Court of Santa Cruz County denying a new trial.   J. H. Logan, Judge who tried the cause.   Lucas F. Smith, Judge denying new trial.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Frank M. Stone, for Respondent.

GRAY, C.—This is an appeal from an order denying a new trial. For a reversal of the order the appellant urges, first, irregularity in the proceedings of the court in this, that the judge of the court, while the jury were deliberating as to their verdict, sent to them by the sheriff the verdict in favor of plaintiff, fully prepared except the signature of the foreman, which was finally returned by them as their verdict in the case. Appellant also directs attention to several alleged errors of the court in ruling upon objections to evidence and in instructions to the jury at the trial; and its brief concludes with an attack upon the verdict as not being warranted by the evidence. To all this the respondent answers that there is no proper record before this court properly presenting any of these questions. This objection of respondent seems to be well founded. It does not appear from the record that any bill of exceptions, or statement of the case settled and signed by the judge who tried the case, or by any other judge, or concurred in by stipulation of the parties, was presented to the court upon the hearing of the motion for new trial; nor does it appear that any such bill of exceptions or statement was in existence at that time. Neither does it appear that the motion for new trial was to be made on the minutes of the court. There is in the transcript, beginning with folio 47, a purported copy of a document headed, "Engrossed Bill of Exceptions," evidently intended as a bill of exceptions or statement of what took place on the hearing of the motion for new trial. Included in this purported statement, and beginning at folio 128 of the transcript and ending at folio 236, is a purported copy of another document headed, "Bill of Exceptions," purporting to be a bill of exceptions to be used on motion for a new trial, and purporting to be signed, not by the judge who tried the case (see Code Civ. Proc., sec. 650), but by the judge who heard the motion for a new trial, and purporting to have been filed September 28, 1897, some two months after the order appealed from was entered in the minutes of the court. The said "engrossed bill of exceptions" which contains the said bill of exceptions to be used on motion for new trial does not appear to have been signed or settled at all. The clerk's certificate to the transcript says nothing as to any bill of exceptions. (Code Civ. Proc., secs. 952, 953.)

The appeal being only from the order denying a.new trial, and there having been no proper bill of exceptions or statement of the case before the trial court, and none presented to this court, and the notice of intention having stated that the motion would be made upon a bill of exceptions, the court below was not in a position to review its own action as to the alleged errors of law, or as to whether the verdict was justified by the evidence; and this court, for the same reason, is in no better position in that respect than the trial court. (Code Civ. Proc., secs. 658-61, 952; *Larkin v. Larkin,* 76 Cal. 323.)

As to the alleged irregularity of the trial court, it is sufficient to say that we cannot review the action of the court below in respect to that matter, for the reason that there is nothing in the record here to show how many or what affidavits were used on the motion for new trial. There is the copy of one affidavit in the transcript, authenticated, as having been used on motion for new trial, by the signature of the judge who heard said motion; and the clerk, also, mentions it in his certificate to the transcript; but there is nothing in the judge's certificate or elsewhere to show that this affidavit constituted all the evidence taken with reference to said irregularity. "There is nothing to show that counter-affidavits were not filed, and every presumption is in favor of the validity of the judgment." (*Shain v. Eikerenkotter,* 88 Cal. 13; *Somers v. Somers,* 81 Cal. 614.) Under rule 29 of this court, the affidavits or other evidence taken on the hearing of the motion for a new trial should have been incorporated in a bill of exceptions. (*Melde v. Reynolds,* 120 Cal. 234.)

We advise that the order appealed from be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.