[Civ. No. 818.   First Appellate District.—June 16, 1911.]

## EUGENIE H. SCHROEDER, Respondent, v. BYRON MAUZY, Appellant.

ACTION FOR VALUE OF PIANO STORED AND LOST—PLEADING—LITERAL DENIAL OF VALUE—NEGATIVE PREGNANT—ADMISSION—ISSUE NOT RAISED.—In an action to recover the value of a piano stored with defendant, alleged to be of the value of $1,000, under an alleged agreement to insure the same against loss by fire, which was so lost, where the defendant makes a literal denial of the alleged value, in

the form of a negative pregnant, he thereby admits its value in any less sum, and raises no issue upon the value of the piano as alleged by plaintiff.

ID.—AGREEMENT TO KEEP PIANO INSURED---TRIAL ON THEORY OF BREACH —DENIAL OF AGREEMENT—VARIANCE—ESTOPPEL UPON APPEAL.— Where the alleged agreement to keep the piano insured against loss by fire for the benefit of the plaintiff was denied in the answer, and the case was tried upon the theory that if the contract existed and was broken, the cause of action was for its breach, and the court found upon the evidence the agreement alleged, and that defendant had failed and neglected to insure it for any sum, and had refused upon demand to pay to the plaintiff the amount agreed to be insured, the defendant by trial upon such evidence, without objection, is estopped to urge upon appeal for the first time that there is a material variance between the complaint and the proofs, and that the cause of action pleaded is not for a breach of the contract.

ID.—NEGLECT TO ASK FOR NONSUIT ON GROUND OF VARIANCE.—It is held that the neglect of the defendant to ask for a nonsuit on the ground of variance between the proof and the pleadings, considered in view of the other facts appearing in the record upon appeal, justifies the view that the case was tried by the court, with the acquiescence of both parties, upon the theory developed by the proofs and assumed by the court that the liability of the defendant was for breach of the obligation to keep the piano insured.

ID.—GENERAL RULE AS TO ISSUES TRIED IN COURT BELOW—OBJECTION UPON APPEAL NOT ALLOWED.—It is a general rule that where the trial court and the parties to an action proceed to a trial of the cause upon the theory that there is a material issue, and the court upon evidence based upon that issue, and received without objection, finds in accordance with that evidence, upon the theory that an appropriate issue was raised by the pleadings, neither of the parties will be allowed to object upon appeal for the first time that there was no such issue.

ID.—REVIEW UPON APPEAL FROM ORDER DENYING A NEW TRIAL—SUFFI-CIENCY OF COMPLAINT OR FINDINGS NOT REVIEWABLE.—Upon an appeal from an order denying a new trial, neither the sufficiency of the complaint nor of the findings to support the judgment can be reviewed; nor can it be urged upon such review that any of the findings made upon sufficient evidence are outside of the issues pleaded.

ID.—LIABILITY FOR BREACH OF CONTRACT TO INSURE STORED PIANO— WANT OF CHARGE—EXEMPTION NOT ALLOWED.—An exemption from liability for breach of a contract to insure stored property for the benefit of the party storing it cannot be claimed merely because no charge was made for such service.

ID.—EVIDENCE—PREVIOUS DEALINGS AS TO STORAGE AND INSURANCE OF SAME PIANO.—Evidence was admissible to show previous dealings

between plaintiff and defendant as to the storage and insurance of the same piano.

ID.—MOTION FOR NONSUIT—REVIEW OF STATED GROUNDS.—Upon a motion for a nonsuit only the grounds stated therefor in the trial court can be considered or reviewed upon appeal.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL—NEWLY DISCOVERED EVIDENCE—AFFIDAVITS UNAUTHENTICATED.—Upon an appeal from an order denying a new trial, the ground of newly discovered evidence cannot be reviewed when the affidavits showing the same are not referred to nor included in the authenticated bill of exceptions.

APPEAL from an order of the Superior Court of the City and County of San Francisco. Geo. H. Buck, Judge presiding.

The facts are stated in the opinion of the court.

Walter E. Dorn, and L. W. Lovey, for Appellant.

Edward Myers, for Respondent.

LENNON, P. J.—The plaintiff recovered a judgment against the defendant in the sum of $900.21 upon a complaint which, for a cause of action, alleged, substantially, that the plaintiff, in her separate right, was the owner of a piano, valued at $1,000, which had been delivered into the care and custody of defendant pursuant to an oral agreement with plaintiff, whereby, for a valuable consideration, to be paid upon demand, defendant was to keep said piano on storage, and have the same insured against loss by fire for the benefit of plaintiff; that the defendant under this agreement did insure said piano, for the benefit of plaintiff, against loss by fire; that thereafter the piano, while in the custody of defendant and during the life of the insurance, was destroyed by fire; that thereupon defendant received and collected as insurance for the loss of said piano a sum of money, the amount of which was unknown to plaintiff, and has ever since refused to account to the plaintiff for the whole or any part thereof.

The prayer of plaintiff's complaint was "for the sum of $1,000, the value of said piano, if the defendant failed to cause same to be covered and insured against loss or damage by fire for plaintiff's use, pursuant to his said agreement; or that

defendant account to plaintiff and pay over to her the amount of money recovered and received by him as insurance on said piano.''

The answer of the defendant denied that he had caused the piano to be insured for plaintiff's benefit or at all, and by specific denials put in issue every other material allegation of the plaintiff's complaint, save and except the allegation of the loss and the value of the piano.

The defendant's attempted denial of the alleged value of the piano, in the form of a negative pregnant, was not a denial of the allegation in the complaint, but was an admission that the piano, at the time specified in the complaint, was of the value of any sum less than $1,000, and raised no issue upon the subject of value as pleaded by plaintiff. (*Leffingwell* v. *Griffing,* 31 Cal. 232; *Scovill* v. *Barney,* 4 Or. 288.)

The findings of the trial court fixed the value of the piano at the sum of $999, and then, following the language of the complaint, were in favor of the plaintiff upon the issues of the ownership of the piano, the delivery of the same to the defendant for storage, and his agreement, for a valuable consideration, to insure the piano against loss by fire for the benefit of plaintiff. From this point on, however, the findings of the trial court are at variance with the allegations of plaintiff's complaint to the extent that the court found affirmatively that although the defendant had agreed to insure the piano for a specific sum, viz., $750, he had failed and neglected to have it insured in that or any other amount, and that he had refused, upon demand, to pay this sum or any part thereof to plaintiff.

The defendant has appealed from the order denying his motion for a new trial, but did not appeal from the judgment. His motion for a new trial specified, as grounds thereof, (1) that the evidence was insufficient to justify the judgment; (2) that the decision was against law; (3) errors of law occurring at the trial, and (4) newly discovered evidence.

The principal point urged by the defendant in support of his appeal is that ''the decision is against law'' in this, that the gravamen of the plaintiff's complaint reveals a cause of action for moneys had and received, while the judgment of the court is founded upon findings which indicate a cause of action for damages for breach of contract.

The record discloses that the defendant moved the court for a nonsuit on the grounds that the evidence was insufficient "to support a judgment of any kind"; that "the value of the piano at the time of the alleged loss by fire had not been proven"; and that "there was no agreement in writing covering the insurance." The neglect of the defendant to ask for a nonsuit upon the ground of a variance between the proof and the pleadings, in conjunction with a perusal of the entire record, verifies plaintiff's contention, that the cause was tried by the court, with the acquiescence and approval of the parties to the action, upon the theory developed by the proof, and assumed by the court and the parties to be in issue, that the liability of the defendant, if any, was for damages arising out of the breach of his alleged obligation to have and keep the property of the plaintiff insured for her benefit. · In other words, it appears from the record that the cause was tried as if the answer of the defendant, by its denial of the agreement to insure, had put in issue the agreement as found by the court. It has been repeatedly held in this state that where the trial court and the parties to an action proceed to a trial of the cause upon the theory that there is a material issue, and the court, upon evidence addressed to that issue and received without objection, finds in accordance with that evidence and upon the theory that an appropriate issue was raised by the pleadings, "the parties will not, nor will either of them, be allowed here for the first time to say there was no such issue." (*Horton* v. *Dominguez,* 68 Cal. 642, [10 Pac. 186] ; *Ortega* v. *Cordero,* 88 Cal. 221, [26 Pac. 80] ; *Murdock* v. *Clarke,* 90 Cal. 384, [26 Pac. 601] ; *Klopper* v. *Levy,* 98 Cal. 525, [33 Pac. 444] ; *Rudel* v. *Los Angeles Co.,* 118 Cal. 281, [50 Pac. 400] ; *Barbour* v. *Flick,* 126 Cal. 628, [59 Pac. 122] ; *McDougald* v. *Hulet,* 132 Cal. 163, [64 Pac. 278] ; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 309] ; *Carroll* v. *Briggs,* 138 Cal. 454, [71 Pac. 501] ; *Roberts* v. *Sierra R. Co.,* 14 Cal. App. 180, [111 Pac. 519].)

Aside from this view of the case, the contention of defendant that the decision is against law cannot be maintained, or even considered upon the record before us.

A new trial is a re-examination of an issue of fact (Code Civ. Proc., sec. 656), and a verdict or other decision of fact may be reviewed upon an appeal from an order denying a motion

for a new trial (Code Civ. Proc., sec. 657). But the question of whether or not a judgment is authorized by the pleadings is not involved in a re-examination of an issue of fact, and, therefore, the question of the sufficiency of the complaint to support the findings and judgment in any given case cannot be raised or reviewed upon an appeal from an order denying a motion for a new trial. (*Martin* v. *Matfield*, 49 Cal. 42; *Brison* v. *Brison*, 90 Cal. 323, [27 Pac. 186]; *Crescent Feather Co.* v. *United Upholsterers' Union*, 153 Cal. 434, [95 Pac. 871].)

This is so irrespective of the issues presented by the pleadings, and notwithstanding the findings may be at variance with the issues pleaded. (*Riverside Water Co.* v. *Gage*, 108 Cal. 240, [41 Pac. 299].)

It follows from the foregoing conclusions that the only points available to the defendant, on the record presented by his appeal, are the insufficiency of the evidence to justify the decision and the alleged errors of law occurring at the trial.

In support of the first of the points just enumerated the defendant strongly urges the specifications of insufficiency of the evidence to support the findings as to the making of the agreement sued upon and the existence of a consideration therefor. In this behalf it would suffice to say that, in our judgment, the evidence is sufficient to sustain both of the findings in question. But even if the evidence, as contended by the defendant, does not show clearly and unequivocally a meeting of minds upon the subject of compensation as a consideration for the agreement sued upon, the defendant cannot claim exemption from liability for the breach of his obligation to insure merely because, as is admitted, he never charged or collected any compensation for the service which was to be rendered. The undisputed evidence of the plaintiff shows that her property in this instance was intrusted to the defendant under an express agreement for storage, and it is an admitted fact in the case that on at least two previous occasions the same or similar property had been by the plaintiff intrusted to the defendant for storage, and that he was in the habit of effecting insurance thereon for the benefit of the plaintiff.

"Anyone who undertakes to transact some business or to manage some affair for another, by authority and on account

of the latter, and to render an account of it, is an agent.''
(1 Am. & Eng. Ency. of Law, 2d ed., p. 938.)

''In the absence of instructions, or a usage of trade, or habit
of dealing between the parties, the agent is not bound to in-
sure the property of his principal; but if he has received
instructions to insure, or has been in the habit of effecting
insurance in the previous dealings between them, he will be
liable as an insurer for any loss or damage arising from his
failure to insure.'' (1 Am. & Eng. Ency. of Law, 2d ed., p.
1068.)

If, as in effect is declared by the findings, the defendant,
under an express agreement, became the agent of the plaintiff
for the purpose of storing and insuring her property, he
would, in the absence of an agreement respecting his compen-
sation, have been entitled under the law to charge for the
reasonable value of his services in that behalf.

If, on the other hand, as the defendant insists, the evidence
is not inconsistent with the conclusion that the agreement be-
tween plaintiff and defendant constituted merely a gratuitous
agency, nevertheless, under the facts of this case, the defend-
ant was obligated to act in the premises in good faith and
without negligence. In other words, having, as the evidence
shows, undertaken the agency, the defendant was bound,
though it were gratuitously undertaken, to obey instructions
and exercise good faith and ordinary diligence in executing
that which he had pretended to do, and for a failure to do so
he will be held liable to his principal for the resulting loss
or damage. (*Herrick* v. *Hodges,* 13 Cal. 434; *Samonset* v. *Mes-
nager,* 108 Cal. 354, [41 Pac. 337] ; 1 Clark & Sayles on the
Law of Agency, p. 964, sec. 433.)

Therefore, whether the defendant undertook the service in
controversy with or without an express understanding for com-
pensation is immaterial.

The testimony of the plaintiff, upon direct examination, as
to when and where she delivered the piano in question to the
defendant was given, evidently, in response to a preliminary
question, which was not objected to, and, therefore, we fail to
appreciate the defendant's contention that the admission of
this testimony was error. The conversations which the plain-
tiff related as having occurred between her and the defendant
with reference to the piano, its insurance, and the amount

thereof, were competent and relevant to establish the agreement to insure. This testimony was not objected to, and therefore, we cannot consider the motion of the defendant to strike it out.

In view of the defendant's denial of the agreement to store and insure, and plaintiff's testimony that when she delivered the piano to the defendant she directed him to store and insure "as he had always done before," the testimony of the plaintiff as to her previous dealings with the defendant concerning the storage and insurance of the same piano, as well as the letter from defendant to plaintiff's husband which contained a statement of charges for insurance upon the piano for at least two years immediately preceding its loss, were clearly competent and relevant.

The trial court did not err in denying the defendant's motion for a nonsuit.

Upon a motion for a nonsuit only the stated grounds thereof may be considered by the trial court or reviewed by this court (*Coffey* v. *Greenfield,* 62 Cal. 602; *Gardiner* v. *Schmaelzle,* 47 Cal. 588; *Raimond* v. *Eldridge,* 43 Cal. 506), and the only grounds stated in support of the motion for a nonsuit in the case at bar were, as hereinbefore indicated, that the evidence was insufficient to justify a judgment of any kind; that the value of the piano had not been shown, and that the agreement to store and insure was not in writing.

The point that the agreement was not in writing has been abandoned upon this appeal; the evidence fully supports the findings, and, therefore, justifies the judgment, and the point that there is no evidence as to the value of the piano at the time of its loss by fire is answered by the record, which shows that upon the hearing of the motion for a nonsuit, counsel for defendant expressly admitted that the piano when it was originally purchased from the defendant was of the value of $1,000, and it is in evidence as a part of the plaintiff's case that the piano at the time of its delivery to the defendant for storage was in perfect condition. Moreover, the answer of the defendant raised no issue as to the value of the piano at the time of its delivery to the defendant and its subsequent destruction by fire.

In the opening brief of counsel for defendant no mention is made of the sufficiency of the affidavits filed in support of

the motion for new trial upon the ground of newly discovered evidence. In his closing brief, however, counsel urges these affidavits upon our attention, but for what purpose we are at a loss to understand. There are printed in the transcript several affidavits, purporting to disclose newly discovered evidence, which apparently were filed in support of defendant's motion for a new trial, but not offered or read in evidence or referred to in any way upon the hearing of the motion.

When a motion for a new trial is made upon the ground of newly discovered evidence, it must be made upon affidavits (Code Civ. Proc., sec. 658), and "the . . . affidavits . . . *used on the hearing* with a copy of the order made shall constitute the record to be used on appeal from the order granting or refusing a new trial." (Code Civ. Proc., sec. 661.) It is further provided and required by rule XXIX of the supreme court that "in all cases of appeal to this court from the orders of the superior courts the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same into a bill of exceptions, except where another mode of authentication is provided by law."

This appeal comes here upon a duly authenticated bill of exceptions, and as the affidavits in question are not referred to or included therein, they cannot now be considered. (*Melde* v. *Reynolds,* 120 Cal. 234, [52 Pac. 491]; *Cohen* v. *Alameda,* 124 Cal. 508, [57 Pac. 377]; *Ramsbottom* v. *Fitzgerald,* 128 Cal. 75, [60 Pac. 522]; *Pereira* v. *City Sav. Bank,* 128 Cal. 47, [60 Pac. 524]; *San Diego Sav. Bank* v. *Goodsell,* 137 Cal. 424, [70 Pac. 299]; *People* v. *Gay,* 141 Cal. 42, [74 Pac. 43]; *People* v. *Wrin,* 143 Cal. 14, [76 Pac. 646]; *Skinner* v. *Horn,* 144 Cal. 279, [77 Pac. 904].)

As conclusions of law from the facts found, the trial court decided that the plaintiff was entitled to judgment against the defendant for the sum of $750, with interest thereon at the rate of seven per cent per annum, from July 1, 1906, the date upon which it was found that plaintiff made demand upon defendant for the agreed amount of insurance to be placed upon the piano. Judgment was entered accordingly for the sum of $900.21.

Subsequently the trial court was of the opinion that this allowance of interest was unwarranted and erroneous, and

upon the hearing and submission of the motion for a new trial ordered that the motion be granted unless the plaintiff, within a stated time, remit in writing the sum of $151.21, which was the amount of the interest herein referred to as having been allowed and entered in the judgment. No other or further order was made by the court in the premises, and the record is silent as to whether or not the plaintiff complied with the terms imposed. It seems to be conceded, however, that the plaintiff did remit from the judgment the amount specified, and it is now claimed by the defendant that the order of the court in this particular was prejudicial error. It is clear that that portion of the order complained of profits rather than prejudices the defendant, and whether it be considered a special order made after final judgment or a modification of · the original judgment, which subsequently became a part of the judgment, it was not, and could not have been, made the basis of a motion for a new trial. It was not an error occurring in the trial, but rather in the judgment, and cannot now be reviewed solely upon an appeal from the order denying the defendant's motion for a new trial.

The order appealed from is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1911.