BENNINGTON,
*February,*
1836.

BLISS *vs.* ARNOLD, LEGGITT & LAPHAM.

When a commission merchant is directed to sell for cash, he is accountable to
his employer, if he delivers the articles sold without receiving the pay there-
for, and cannot be protected by any custom, existing among commission mer-
chants, to deliver such articles and wait for the pay in a week or ten days.

A want of alleging a special demand when necessary is cured by verdict.

*Quere*—Whether a motion in arrest can be sustained when the trial of an issue
in fact is by the court.

This was an action on the case, and the plaintiff declared as
follows :—

" For that the plaintiff, at the city of New-York aforesaid, on,
&c., at the special instance and request of the defendants, deliver-
ed to the said defendants a certain cask of cheese, and the defend-
ants did then and there undertake, promise and agree with the
plaintiff that they would sell the said cask of cheese for cash—that
they would pay the plaintiff for the same when sold, after deduct-
ing 2 1-2 per cent. from the price of the said cask of cheese, which
2 1-2 per cent. as aforesaid was agreed on as the full consideration
for the expense and services of the said defendants in effecting the
sale aforesaid ; and the defendants did then and there further agree
that if they sold the said cheese on time, they would guarantee the
payment to the plaintiff, in which last mentioned case they would
charge for the expenses and services 5 per cent., and no more, on
the sum for which the said cask of cheese should be sold ; and the
plaintiff further says, that at the time he delivered the defendants
the cask of cheese aforesaid, he instructed the said defendants that
if they sold the said cheese on time, they must guarantee the pay-
ment to the plaintiff: and further, that the defendants did then and
there afterwards, to wit, on or before the 15th day of May, 1833,
sell the said cheese to one Townsend Carpenter on time, for the
sum of $23 33 cts., thereby giving the said Carpenter time, viz.
one or two days to pay for the cask of cheese aforesaid, whereby
the said defendants, on the 15th day of may, 1833, become liable
to pay the plaintiff the sum of $23 33 cts., after deducting the
5 per cent. for their expenses and services as aforesaid ; which sums,
though often requested, the defendants have refused, and still do
refuse to pay."

Plea—*General Issue.*

On the trial of the issue joined between the parties in the afore-
said cause, on the part of the plaintiff it was proved that at the
time of the delivering of the said cheese to the said Arnold, Leg-
gitt & Lapham, they were commission merchants in the said city
of New-York, and received the said cheese of the plaintiff to sell
on commission, under instructions that if they sold said cheese on
time, they must guarantee the payment of the same to the plaintiff,

and might and should retain in their hands as a compensation there-
for, a commission of five per cent. on the amount of the sales; and
if they sold for cash, they should retain a commission of 2 1-2 per
cent. on the amount of sales so made, as a compensation therefor;
and that the cask of cheese in question was not sold on time, but
was a cash sale.

The plaintiff further gave in evidence two letters of the firm of
Arnold, Leggitt & Lapham—the one containing an account of the
sales of the cheese so consigned to the said Arnold, Leggitt &
Lapham, and the other explanatory of their account,—also proved
that he demanded pay for the cheese in controversy, before the
commencement of this suit, and the evidence on the part of the
plaintiff having been closed—

The defendants gave in evidence the the deposition of Town-
send Carpenter, who testified, that in December, 1832, he pur-
chased of the defendants three casks of cheese—that according to
his uniform custom, and all other merchants in the city of New
York, he took the cheese to his store and sold it—that within two
or three days, one of the defendants called upon him, and request-
ed payment, which was not made—that the defendants called
again—that he finally became insolvent, no part paid, and his prop-
erty was sold by the sheriff; but that he was in good credit when
he purchased the cheese.

The joint deposition of S. H. Herrick and H. Ten Broek, who
were commission merchants in country produce, stated—

" The business of selling for cash is conducted in the following
manner: The purchaser for cash, takes the article into his pos-
session, and to his own store, (if it is in the city,) for the purpose
of examination, and to collect the cash which he is to pay within
a few days of the sale. The usual time of collecting cash pay-
ments in New-York, with commission merchants, varies from
twenty-four hours to a week succeeding the sale. It is our belief
that it would be difficult, if not impossible, to conduct cash sales on
any other principle. In New.York, there must be some confidence
between man and man in dealing; and to require cash at the very
moment of delivery, would impede and interrupt much the mer-
chants' business."

The court decided that this teirce of cheese in controversy was
sold for cash by the defendants, and that the defendants had been
guilty of negligence in not receiving or securing the pay therefor
at the time of the delivery of the same to Carpenter, or within a
reasonable time after, and that the plaintiff was entitled to recover

BENNINGTON,
*February*,
1836.

Bliss
*vs.*
Arnold *et al.*

the amount of the sales of one cask of cheese to the said Carpenter, after deducting a commission of 2 1-2 per cent. on the amount of the sale, and rendered judgment for the plaintiff accordingly.— To which decision of the court the defendants excepted.

The defendants also made a motion in arrest of the verdict for insufficiency in the plaintiff's declaration.

To the decision of the court overruling this motion, the defendants also excepted.

*Mr. Sargeant for the plaintiff.*—On the motion in arrest, we insist that the defendants are too late with their technical objections to the declaration.

The rule is now well settled, that facts imperfectly stated or omitted, will (after verdict) be presumed to have been shown on trial.—1 Chit. Pl. 402.

2dly. On the subject of customs, they must be certain—must be proven, and construed strictly.—1 Bl. Com. 78.

We insist that the case shows no certain custom, and that the case comes within no custom attempted to be shown.

Again : All local customs must be specifically pleaded.—1. Bl. Com. 75-6—1 Chit. Pl.

*Mr. Bennett for the defendant.*—1. It seems the court found the fact that the cheese in controversy was sold on a cash sale, but there is no pretence that the defendants have ever received pay for the same.

2. Are the defendants responsible to pay the amount of the sale to the plaintiff? We contend not.

By the terms of their instructions, the defendants were either to sell for cash or on credit ; and if they sold on credit, they were bound to guarantee the payment.

In this case it seems they sold on credit, and upon a cash sale, and conformed to the usages of commission merchants on cash sales, in permitting the buyer to take the property into his custody before paying for it.

The usage is to collect the moneys on cash sales from twenty-four hours to a week succeeding the sale.

In this case it seems the sale was the 26th of December, 1832— that within two or three days thereafter, Carpenter was called upon by Leggitt for the pay, but said he could not then, but would hand it in at the defendants' store in a day or two ; but that he, Carpenter, was unable to do it, and in ten days from the time of the sale, his property was seized on a *fi. fa.* He failed, and has never paid or been able to pay the same since that time.

The defendants in this case were justified in conducting this business according to the usage of commission merchants. This usage was impliedly adopted by the parties—2 Stark. Ev. 453—5 Bin. R. 287.

BENNINGTON,
February,
1836.

Bliss
vs.
Arnold et al.

In what way are the defendants responsible? Have they not used ordinary diligence?

3. It is contended under the motion in arrest, that the declaration is bad, and that the defects are not cured by verdict.

1. The consideration of the promise is not set forth.

2. There is no special damage alleged in the declaration, which is necessary before bringing suit.—Law Pl 188, 189, 190.

3. This defect is not cured by the verdict.—Cro. Eliz. 85—1 Saund. 33, note 2—Com. Dig. Title Pl. 69—Law Pl. 194.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—We are all of opinion in this case, that the judgment of the county court should be affirmed. The defendant was justly held accountable for the cheese in question. It is found that the defendant and his partners were commission merchants—that they received the cheese to sell; and that they sold it for cash, and were negligent in not getting the pay therefor. If there was a loss, by the failure of the men to whom the cheese was sold, the loss should fall upon the defendant and not on the plaintiff.

"In all sales for cash, the money must be paid when the property is delivered. It is wholly inconsistent to claim that a sale for cash means a sale on a credit for a week or ten days. If the commission merchants in New-York have adopted such a custom as was contended for and testified to, it must be for their own accommodation, and cannot be recognized as obligatory on those who intrust to them property to be sold for cash. We cannot believe there is any such custom recognized as law, and we find a decision of Judge Gardner, at the circuit in Monroe county, in the case of *Graves* vs. *Hendrick & Smyth,* directly opposed to any such custom as binding upon the person who intrusts property to a commission merchant.

On the motion in arrest, which was overruled in the county court, it may be remarked, in the first place, that it is doubtful whether any motion in arrest can be sustained when the issue is tried by the court. The court having the whole case before them, it is supposed they would not render judgment on a declaration wholly defective. A motion in arrest is to prevent a judgment, and is filed after a verdict and before judgment. Where the court

<div style="margin">BENNINGTON,<br>February.<br>1836.<br><br>Bliss<br>vs.<br>Arnold et al</div>

tries the issue of fact, the finding the issue and rendering the judgment is done at one and the same time. But on examining the declaration, we do not discover any defects not cured by a verdict. A sufficient consideration is stated in the compensation or commission which the defendant was to receive. The want of alleging a special demand was a defect, but would have been cured by a verdict. Without proving such a demand, the court would not have permitted the jury, nor would the jury have given a verdict for the plaintiff. It is true, the want of stating a special demand, when it is necessary, has been holden bad on a general demurrer, and it has been decided, that it would not be aided by a verdict. The authority of those cases is questionable, and in the case of *Bowdell* vs. *Parsons*, 10 East. 359, the want of alleging such request was held not a sufficient objection in arrest of judgment. When the issue is tried by the court, we are very clear that the objection ought not to prevail in arrest.

The judgment therefore of the county court must be affirmed.