[14677. Department Two.—June 9, 1893.]

FREDERICK KLOPPER, APPELLANT, v. SCHEWA LEVY ET AL., RESPONDENTS.

PLEADING—DEFECTIVE DENIALS IN ANSWER—TRIAL WITHOUT OBJECTION—APPEAL BY PLAINTIFF—OBJECTION NOT ALLOWED.—Where an answer is defective in its denials, but a trial is had in all respects, and evidence taken as though it properly raised an issue, without any objection in the court below to the defective denials, plaintiff cannot object upon an appeal taken by him that the answer raised no issue.

ORDER GRANTING NEW TRIAL—PREPONDERANCE OF EVIDENCE—SUBSTANTIAL CONFLICT—REVIEW UPON APPEAL.—Where there is a substantial conflict in the evidence, the appellate court will not disturb an order of the court below granting a new trial, upon the ground that the verdict was against the preponderance of evidence. The rule prevailing in the appellate court does not apply to the judge of the trial court.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a new trial.

The facts are stated in the opinion of the court.

*T. C. Coogan*, for Appellant.

*Lloyd & Wood*, for Respondents.

The COURT.—This appeal by plaintiff is from an order granting a new trial to defendants Levy.

The complaint states that during all the times in the complaint mentioned, plaintiff was the owner and in possession of a leasehold interest for a term of years, of the first floor of a certain building on O'Farrell Street, in San Francisco, which, on the seventeenth day of November, 1889, was and had been used by him as a store in carrying on his business as a dealer in

leather and leather findings, and at said time was thoroughly stocked with valuable goods; that on said day the defendants broke and entered into plaintiff's said store from an adjoining store, and by breaking and removing a portion of the roof, in consequence of which great quantities of rain came through said walls and ceiling of said store, wetting his stock of goods, damaging the same to the extent of $1,397.81, and preventing him from carrying on business for a period of two weeks, to his damage in the sum of $400, and necessitating the employment of experts to examine his goods, at the cost of $50, and the further cost of $100 in removing his goods.

Respondents' answer is an attempted denial, but is plainly defective, and it may be doubted whether any material allegation of the complaint is denied; but a trial was had in all respects as though the answer raised an issue as to the trespass and damage. Evidence was introduced by both parties upon these points, objections made and passed upon without a suggestion that the trespass was admitted by the answer. Under these circumstances plaintiff cannot now claim that the answer raised no issue.

The case was tried with a jury, which rendered a verdict for the plaintiff against the respondents. Respondents then moved for a new trial upon a statement of the case based upon the ground of excessive damages, insufficient evidence to justify the verdict, that it was against law, and errors of law occurring at the trial and excepted to by them. The motion was granted, but upon what ground does not appear, and from that order the plaintiff takes this appeal.

If it be conceded that there was any evidence that the respondents participated in the alleged trespass, as appellant claims there was, then there was a substantial conflict upon that point, and this court will not disturb the ruling of the trial court. If convinced that the verdict was clearly against the preponderance of evidence, the judge properly granted a new trial, and such ruling will not be disturbed. The rule prevailing here does not apply to the judge of the trial court. In this case there was no abuse of discretion, but on the contrary the order was just and proper.

The order appealed from is affirmed.