[L. A. No. 580.    Department One.—November 9, 1899.]

## S. A. BARBOUR et al., Respondents and Appellants, v. WARREN J. FLICK, Appellant and Respondent.

ACTION FOR DECEIT—EXCHANGE OF LAND—MISREPRESENTATIONS OF FACT—OPINION AS TO VALUE—FINDINGS—ADMISSION OF ANSWER.—Upon appeal by plaintiffs from a judgment rendered in their favor in an action for deceit, based upon misrepresentations of fact by the defendant which fraudulently induced the plaintiffs to exchange land in another state for land of much less value in this state, where it is urged, as ground for reversal of the judgment, that the value of the property in this state, if defendant's representations had been true, was, by the admission of the answer. eighteen thousand dollars in excess of that found by the court upon the same supposition, if it appears that the representation upon which the increased valuation was based was denied by the answer. and was a mere expression of opinion by his agent as to the value of the property, which could not constitute the basis of an action for deceit, the admission of the answer cannot control the partial finding of the court against the appellant.

ID.—TRIAL OF ISSUE AS TO VALUE—OBJECTION UPON APPEAL.—The trial in the superior court having proceeded upon the theory that the value of the defendant's land was in issue, and evidence having been adduced thereupon by both parties, it cannot be objected by the plaintiffs upon appeal, for the first time, that there was no such issue to be tried.

ID.—RECOUPMENT BY DEFENDANT.—In an action of damages for fraudulent representation of the defendant as to facts concerning the value of his property exchanged for property of the plaintiff, the defendant may recoup by showing that the plaintiff's property was worth less than the plaintiff represented it to be.

ID.—EXCHANGE IN NAME OF WIFE—PAROL TRUST—JOINT USE OF HUSBAND AND WIFE—JOINT JUDGMENT.—Where the exchange of the lands was effected in the name of the wife, parol evidence is admissible to show a trust of the wife for the joint use of herself and husband; and where the defendant dealt with the husband as owner, or part owner, of the property exchanged for that of the defendant, and the parol trust was proved, the defendant cannot be prejudiced by a joint judgment for damages in favor of the husband and wife.

ID.—ACTION FOR DAMAGES—RESCISSION—CANCELLATION OF NOTE AND MORTGAGE.—In an action for damages for deceit in respect of an exchange of property, the rules as to rescision are not applicable; and the plaintiff may be allowed, as part of his dam-

ages, the cancellation of a note and mortgage executed by the plaintiffs upon the property received from the defendant in exchange for that of the plaintiffs, and such allowance is not an attempt to rescind the exchange in part.

ID.—LAW AND EQUITY—ONE FORM OF ACTION—NOTE AND MORTGAGE PART OF DAMAGES.—In this state there is but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs. The distinction between strict law and equity is not permanent or unchangeable; and the cancellation of a note and mortgage representing actual damages caused by fraud may not only be made matter of defense in an action to foreclose the mortgage, but may also be allowed as damages in an action for deceit, where the facts entitling the plaintiffs to such relief are clearly stated and found.

ID.—FINDING AGAINST DEFENDANT—RECOVERY BY PLAINTIFF.—If the court finds that plaintiffs made no misrepresentation of fact in regard to their property, and that defendant, before closing the trade, caused plaintiffs' property to be carefully examined, the defendant cannot object to the recovery by plaintiffs of the damages found to have been caused to them by the misrepresentations of fact made by him in regard to his property, which the plaintiffs had no opportunity to examine, and to the cancellation of a note and mortgage included in such damages.

ID.—INTEREST UPON CANCELED NOTE AND MORTGAGE NOT ALLOWABLE. The defendant cannot be allowed interest upon the canceled note and mortgage to be deducted from the amount of plaintiffs' damages found by the trial court. The note and mortgage, having been obtained by defendant through his fraud and deceit and without consideration, should be treated as never having been given, and as not entitled to draw interest.

APPEALS from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Patterson & Sprigg, and McDonald & McDonald, for S. A. Barbour and Georgia Barbour, Respondents and Appellants.

Puterbaugh & Puterbaugh, and E. J. Ensign, for Warren J. Flick, Appellant and Respondent.

VAN DYKE, J.—This action is based upon fraud and deceit alleged to have been perpetrated by the defendant in effecting an exchange of his property for that of the plaintiffs.

In August, 1896, the plaintiffs were residents of, and owned property in, the city of Chicago, and the defendant owned a ranch known as the "Edge-Hill ranch," located near Escondido, in San Diego county.

The court below found that the false and fraudulent statements were made by the defendant, as alleged in the plaintiffs' complaint, and that none of the representations and statements so made, either in writing or by his agent in that behalf, were true; that said statements and representations were made for the purpose of inducing the plaintiffs to make the exchange of the properties upon the terms and conditions set forth and admitted in the pleadings, without personally examining said property of defendant, and were not given as opinions or expressions of opinion, but, on the contrary, were made and given as existing facts, and that plaintiffs, without having an opportunity to examine said defendant's property, accepted them as such and believed them to be true, and thereupon made the exchange of the properties, and executed and delivered their deed to the Chicago property, and their note and mortgage on such Edge-Hill ranch, as set forth and admitted in the pleadings.

That the net market value of plaintiffs' said Chicago property—that is, its value over and above all encumbrances, at the time the said exchange of properties was consummated—was the sum of fifteen thousand dollars.

That the defendant took said property subject to all the liens thereon, aggregating between thirty-nine thousand and forty thousand dollars, and did not loan to the plaintiffs, or either of them, the sum of four thousand dollars, or any sum or amount whatever, as a part of the transaction of exchanging said properties, and did not give to plaintiffs any consideration whatever for their said Chicago property save and except said Edge-Hill ranch and the personal property thereon situated at the time of said trade described in the pleadings. That the only consideration for the thirteen thousand dollar note and mortgage, executed by the plaintiffs to the defendant at the time of said trade, was the supposed difference in value between plaintiffs' said Chicago property, encumbered as above stated, and the defendant's said Edge-Hill ranch and the personal

property thereon situated. That the defendant's said Edge-Hill ranch and said personal property thereon situated was, at the time of the exchange of said properties, of the market value of fifteen thousand dollars, but that if defendant's said ranch had actually been as represented by defendant to plaintiffs the market value at the time of said exchange of properties would have been thirty thousand dollars. And as a conclusion of law the court finds that the plaintiffs are entitled to recover from the defendant the difference between the actual value of said Edge-Hill ranch and said personal property thereon at the time of said exchange of properties, and the value thereof if the same had been in all respects as was stated and represented to them by the defendant. But plaintiffs are entitled, as part of their recovery and remedy in this action, to have their note and mortgage to the defendant for thirteen thousand dollars canceled and delivered up to the clerk to be filed as part of the record of the cause, and to have judgment against the defendant for the sum of two thousand dollars and their costs.

The defendant moved for a new trial, which was denied, and thereupon appeals from the judgment entered upon the findings, and also from the order denying a new trial, and the plaintiffs appeal from that part of the judgment which gave them a money judgment for two thousand dollars and costs only.

1. The ground of plaintiffs' appeal is that the superior court has found that the value of the Edge-Hill ranch and personal property would have been only thirty thousand dollars if the representations of defendant had been true, contrary to the admissions of the answer that if such representations had been true its value would have been forty-eight thousand dollars. They contend that this finding must be disregarded and the admission of the answer taken as the true value, if the representations had been true.

The answer to this position is that the defendant denied having made the representations charged, and upon this issue the finding of the court is partially in his favor. One allegation of the complaint is, that the defendant represented the Edge-Hill property to be of the market value of forty-eight thousand dollars. And it was the statement of a mere truism in

the complaint to say that if this representation had been true the property would have been worth forty-eight thousand dollars. The defendant denies that he made this representation, and the court does not find that he personally did make it. It seems to be found that Ensign expressed an opinion to that effect at Chicago, but the court evidently did not treat this as a representation of a fact, for otherwise it could not possibly have made its finding that if the facts had been as represented the property would have been worth only thirty thousand dollars. Indeed, such a statement cannot be regarded as giving any ground for an action for deceit. It is obviously and necessarily a mere expression of opinion upon which the vendee has no right to rely, and so the superior court must have regarded it. This view of the matter disposes of the contention of plaintiffs in support of their appeal. If the representations alleged by plaintiffs had all been matters of fact, and had all been found to have been made, then the failure of the answer to deny that the property would have been worth forty-eight thousand dollars, if such representations had been true, would have been conclusive. But since one of said representations, to wit, that the market value was forty-eight thousand dollars, was not found to have been made, or, if made, was not a representation of fact, the finding that the property would have been worth only thirty thousand dollars, if the representations had been true, is not inconsistent with the admission of the answer.

The trial court, and the parties themselves, treated the value of the Edge-Hill ranch as being in issue. The plaintiffs themselves put in a large amount of evidence as to the value of the Edge-Hill ranch, and the defendant, in consequence, introduced an equally large amount of evidence bearing upon the same subject, and the court from this conflicting testimony makes a finding as already shown. The plaintiff, having gone to trial and tried the cause on the theory that there was an issue raised in reference to the value of the Edge-Hill ranch, cannot in this court, for the first time, raise the question that there was no such issue to be tried. (*Ortega v. Cordero*, 88 Cal. 221; *Murdock v. Clarke*, 90 Cal. 427; *Klopper v. Levy*, 98 Cal. 525; *Riverside Water Co. v. Gage*, 108 Cal. 240; *Rudel v. Los*

*Angeles Co.,* 118 Cal. 281.)   The defendant in this case seeks
to recoup by showing that the Chicago property was worth less
than represented by the plaintiffs, and the finding of the court
is accordingly, and awards to the plaintiffs the difference be-
tween the market value of the San Diego property and the
net market value of the Chicago property—that is, the value
over the liens and encumbrances.   This rule is sustained by
authority.   (Grinnell on Deceit, sec. 193, p. 143; *Carey v. Guil-
low,* 105 Mass. 18.)

2. On the appeal by the defendant it is claimed, as one of his
grounds, that the Chicago property having stood in the name
of the plaintiff Georgia Barbour, and the title to the Edge-
Hill property having also been taken in her name, it could not
be shown by parol that the wife held the titles for the joint use
and benefit of herself and husband, or that they were in fact
joint owners.   It is admitted that the husband was a proper
party to the action, but it is claimed that "it does not neces-
sarily follow that the judgment for damages should have been
rendered in their favor."   The evidence, however, shows that
the defendant dealt with Barbour as the owner, or part owner,
of the Chicago property.   Besides, it is competent to show by
parol that the wife held the legal title to the properties in
question for the joint use of herself and husband, and that her
husband was, in fact, an equal owner with herself.   It is al-
ways competent to prove such a trust in land by parol testi-
mony (*Smith v. Moynihan,* 44 Cal. 54-64; *Sherman v. San-
dell,* 106 Cal. 374); but, if it were otherwise, it does not appear
how the defendant could be injured, whether the husband
were or were not, as a fact, jointly interested with the wife in
the properties in question.

The defendant devotes a considerable portion of his brief to
a consideration of the proposition that one cannot rescind in
part, and contends that the action by the plaintiffs is an at-
tempt to rescind in part; but this is a mistake.   The plaintiffs
merely ask that the note and mortgage be canceled as a part of
their recovery of damages against the defendant.   If an action
had been brought by the defendant to foreclose the mortgage,
the plaintiffs would have been entitled to a cancellation of the
mortgage and note upon the same showing, as a defense, as

appears in their favor in the present action. There is in this state but one form of civil actions for the enforcement or protection of private rights, and the redress or prevention of private wrongs. (Code Civ. Proc.; sec. 307.) And the facts constituting the cause of action are required to be stated in ordinary and concise language. (Code Civ. Proc., sec. 426.) It was said by Lord Redesdale: "The distinction between strict law and equity is never in any country a permanent distinction. Law and equity are in continual progression, and the former is constantly gaining ground upon the latter. A great part of what is now strict law was formerly considered as equity, and the equitable decisions of this age will unavoidably be ranked under the strict law of the next. (Pomeroy's Code Remedies, secs. 76, 81; *Spect v. Spect*, 88 Cal. 442; 22 Am. St. Rep. 314; *Hurlbutt v. Spaulding etc. Co.*, 93 Cal. 57; *Johnson v. Polhemus*, 99 Cal. 241; *Watson v. Sutro*, 86 Cal. 528.) The court finds that plaintiff did not misrepresent the Chicago property in size of lot or otherwise; and further finds that defendant, "before closing said trade, caused said property and every part thereof to be carefully examined." This furnishes a complete answer to the contention of defendant in this particular.

Exceptions of the defendant to the rulings of the trial court are very numerous, and his counsel occupy considerable space in their brief to a consideration of the same. Without noticing them separately and in detail, it is sufficient to say that from a careful examination of the record we find no error committed by the court in such rulings which would justify a reversal.

The most that can be said in favor of the contention of the defendant that the findings are not supported by the evidence in the particulars noted is that such evidence is conflicting; but there is sufficient evidence, if believed by the trial court to be true, to support such finding; and the trial court, having the witnesses before it, and noting their demeanor, is in a much better position to give proper weight to such evidence than this court. Hence the well-established rule in such cases that the findings must be allowed to stand.

The contention of defendant that interest should have been computed on the note and mortgage from date—making fourteen thousand six hundred dollars instead of thirteen thousand dollars the sum to be deducted from the amount of damages found by the trial court—cannot be sustained. According to the findings the note and mortgage were obtained by defendant through his fraud and deceit and without consideration, and should be treated as never having been given, and consequently not entitled to draw interest.

Pending the appeals the plaintiffs and defendant respectively moved to dismiss the appeal taken by the adverse party. Having, however, disposed of said appeals on their merits, it is unnecessary to consider either of said motions.

The judgment and order denying a new trial are affirmed.

Beatty, C. J., and Harrison, J., concurred.