[Civ. No. 1463.   First Appellate District.—April 19, 1915.]

MARY A. ELSOM et al., Appellants, v. W. T. NEFF et al.,
Respondents.

ACTION FOR DAMAGES—FRAUD—CONCEALMENT—TRIAL ON ASSUMPTION—
ISSUES SUFFICIENT—APPEAL.—Where in an action to recover dam-
ages for the alleged fraudulent concealment of the existence of
chattel mortgages upon certain personal property involved in an
exchange of both real and personal properties, the answer does not
sufficiently raise an issue as to whether the clause contained in the
bill of sale guaranteeing the title to the personal property was in-
serted therein or was signed by the defendants through any such
fraud or mistake in law or fact as would have entitled them to offer
oral testimony establishing such fraud or mistake, and entitling them
to be relieved of the effect of their written guaranty, and the plain-
tiffs proceeded upon the theory that such answer did raise such an
issue, and themselves elicited practically all of the oral evidence
which was introduced upon the subject, they are in no position to
urge for the first time on appeal, that either the jury in its verdict,
or the court in its findings and judgment, could not adopt and act
upon such evidence, even though its effect was to vary the terms
of the bill of sale in respect of such guaranty.

ID.—TRIAL UPON THEORY OF ISSUE RAISED—EFFECT UPON APPEAL.—
Where the trial court and the parties to an action proceed to the
trial of a cause upon the theory that there is a material issue, and
the court, upon evidence addressed to that issue and received with-
out objection, finds in accordance with that evidence and upon the
theory that an appropriate issue was raised by the pleadings, the
parties will not, nor will either of them, be allowed on appeal for
the first time to say that there was no such issue.

APPEAL from a judgment of the Superior Court of Santa
Cruz County and from an order denying a new trial.   Lucas
F. Smith, Judge.

The facts are stated in the opinion of the court.

W. Goodwin Willlliams, and W. M. Gardner, for Appel-
lants.

C. M. Cassin, J. L. Johnston, and W. P. Netherton, for
Respondents.

RICHARDS, J.—This is an appeal from a judgment in
favor of the defendants for the sum of $495.40 upon their
cross-complaint in an action brought by the plaintiffs to re-

cover damages for certain alleged breaches of the covenants
of certain agreements in writing between the parties in the
course of an exchange of properties.

The facts attending the execution of these agreements are
substantially these: During the year 1912 plaintiffs, being the
owners of certain real property in the county of Santa Cruz,
where they resided, and the defendants, being the owners of
certain real and personal property in the county of Modoc,
where they also resided, undertook to make an exchange of
their respective properties, in the course of the consummation
of which several written documents were contemporaneously
executed. The plaintiffs transferred by grant deeds to the
defendants their real properties in Santa Cruz County, and
the defendants transferred to plaintiffs by like deeds, which
also contained express warranties against encumbrances,
their real properties in Modoc County, and also at the same
time executed and delivered to the plaintiffs their bill of sale,
transferring to the plaintiffs certain personal property, con-
sisting of stock and farming implements, which were to be
included in the exchange. They also executed and delivered
to plaintiffs a written order upon a mill in Modoc County
for lumber to the value of three hundred and fifty dollars.
At the time of the execution of these instruments two mort-
gages were in existence and of record upon the real property
which the defendants were transferring to the plaintiffs,
amounting to five thousand five hundred dollars, which mort-
gages by the terms of the conveyance the plaintiffs assumed
and agreed to pay to the extent of said sum. The plaintiffs
also paid to the defendants the sum of five hundred dollars,
and executed an agreement in the form of a note, by the
terms of which the plaintiff William M. Elsom promised to
pay the defendant William T. Neff the further sum of one
thousand dollars less such an amount as would be necessary
to reduce all the encumbrances upon the real property deeded
by defendants to plaintiffs to the aforesaid amount of five
thousand five hundred dollars. At the time of the execution
of these several documents there were two chattel mortgages
existing and of record upon the stock and farming implements
transferred by the defendants to the plaintiffs, and which
aggregated the sum of $1,329.29. No mention of these mort-
gages is made in the writings by which the exchange of prop-
erties was consummated, but in the bill of sale transferring

these personal properties to the plaintiffs there is a clause
by which the defendants covenant and agree "to warrant and
defend the sale of the said property, goods and chattels unto
the said party of the second part against all and every person
and persons lawfully claiming or to claim the same."

The exchange of their respective properties having been
consummated by the foregoing instruments, the respective
parties went into possession of their acquired holdings in May,
1912.    About a year later the plaintiffs brought this action
to recover damages in the sum of $3,759.05 for the alleged
breach of the written covenants and agreements of the de-
fendants in the aforesaid exchange of properties, setting
forth fully in their complaint the several instruments, and
averring that the defendants had been guilty of certain
fraudulent acts and concealments with respect to the condi-
tion of said properties, and particularly of the existence of
the chattel mortgages upon the personal property, which facts
the plaintiffs aver they did not discover until after the con-
summation of the exchange, and the existence of which pre-
vented their disposition of the larger portion of the personal
property aforesaid.    It is alleged that these chattel mort-
gages were still in existence at the time said action was
brought, and that the defendants had failed, refused, and
neglected to pay off the same.    Plaintiffs also alleged that
the order for lumber which they had taken in the course of
the exchange had been refused at the mill upon which it was
drawn, to their detriment in the sum of three hundred and
fifty dollars.

The defendants in their answer admitted the main alle-
gations of the plaintiffs' complaint with reference to the
details of the said exchange, but denied that there was any
fraud upon their part; and averred that the plaintiffs not
only knew and were informed as to the existence and sub-
stantial amount of the chattel mortgages upon the personal
property, but also that the plaintiffs verbally agreed to as-
sume the same; and as to the clause of warranty in their bill
of sale the defendants averred that the said bill of sale was
prepared under the supervision and by the direction of the
plaintiff William M. Elsom, and that the defendants did
not know of the existence of said clause in that document
at the time they signed it; and that the fact of the existence
of said clause of warranty therein did not become known

to them until the commencement of this action. As to the alleged failure of the mill to accept their order, the defendants denied the fact, and alleged that the said order was without consideration and that it was a mere gratuity to the plaintiffs. They also denied the existence of any defects in the other personal property, and further denied any fraudulent acts or intention on their part throughout the entire transaction.

The defendants further presented their cross-complaint setting up the note which the plaintiffs had given for the sum of one thousand dollars, and praying judgment for the balance alleged to be due thereon.

Upon the trial of the cause before a jury upon the issues as thus presented the plaintiffs introduced in evidence the several conveyances and other documents referred to in their complaint; and the plaintiff W. M. Elsom testified quite fully as to the various interviews of the parties leading up to the exchange of their properties; and also testified to the fact that he was unaware of the existence of the mortgages upon the personal property until some time after the transaction was consummated.

When the plaintiffs rested their case the defendants undertook to offer evidence tending to show that the plaintiffs had known of the existence of the chattel mortgages upon the personal property prior to the making of the bill of sale thereof to them, and that they had orally agreed to assume and pay the obligations which these mortgages secured. This testimony was chiefly given by the defendant William T. Neff and was admitted without objection. Thereupon the witness Neff was asked the question on direct examination as to whether he understood that he was warranting that there was no encumbrance upon the personal property at the time he executed the bill of sale, and whether he knew of or noticed the guaranty clause in the bill of sale at the time he signed the same. To these questions the plaintiffs offered an objection, which the court sustained, and the subject was not returned to during the further direct examination of the witness W. T. Neff, nor was it adverted to during the examination of any other witness for the defendants. Upon the cross-examination of the witness W. T. Neff, however, counsel for the plaintiffs took up the subject, and directing the attention of the witness to that portion of the defendants' answer in

27 Cal. App.—12

which they averred that the guaranty clause in the bill of
sale was overlooked by and was unknown to them at the time
it was signed, undertook to question the said witness W. T.
Neff fully and searchingly as to the truth of that averment,
and as to his alleged mistake in supposing that the bill of sale
contained no such warranty. In response to the questions
asked on this cross-examination the witness W. T. Neff tes-
tified as to the existence of such mistake on his part, and as
to the fact that no such guaranty was intended by any of the
parties to the transaction.

The jury returned a verdict against the plaintiffs upon
their several causes of action, and in favor of the defendants
upon their cross-complaint. The court adopted the verdict
of the jury, and then proceeded to make its findings covering
the issues in the case; and in so doing found that the plain-
tiffs knew of the existence of the chattel mortgages upon the
personal property embraced in the bill of sale, and that they
had agreed to assume the same, and that the warranty clause
in the bill of sale was mistakenly inserted, and that the de-
fendants were unaware of its presence therein at the time of
its execution, and hence were not bound by it. The court
also found in favor of the defendants upon their cross-
complaint, and accordingly rendered judgment in their favor
for the sum of $495.40.

The chief insistence of the plaintiffs and appellants in this
court is that the trial court erred in the admission of oral
evidence tending to vary the written agreements between the
parties effectuating the exchange of their properties, and in
making its findings and rendering its judgment in accordance
with such oral evidence. This contention of the appellants is
explicitly directed at the testimony of the witness W. T. Neff
as to the oral understandings of the parties respecting the
existence and assumption by the plaintiffs of the chattel
mortgages upon the personal property covered by the defend-
ants' bill of sale, and as to the mistake of said defendants
in overlooking the guaranty clause in the said bill of sale at
the time they signed it; and it is also explicitly directed at
the findings and judgment of the court in accordance with
such testimony.

Had this oral evidence been elicited by the defendants and
admitted by the court over the plaintiffs' objection, their
contention as to the court's errors in its admission and adop-

tion would doubtless have been sustained upon this appeal; and this for the reason that the portions of the defendants' answer which refer to the subject are quite insufficient to raise an issue as to whether the clause in the bill of sale guaranteeing the title to the personal property was inserted therein or was signed by the defendants through any such fraud or mistake in law or fact as would have entitled the defendants to offer oral testimony establishing such fraud or mistake, and entitling them to be relieved of the effect of their written guaranty. But the difficulty with appellants' contention is that this entire line of testimony was elicited by themselves upon their cross-examination of the witness W. T. Neff, and after their own objection to the same testimony sought to be elicited from said Neff upon his direct examination had first been sustained and then withdrawn. Apparently the plaintiffs proceeded upon the theory that the defendants' answer in regard to these matters did raise an issue; and having proceeded upon this theory, and having themselves elicited practically all of the oral evidence which the record contains upon the subject, the plaintiffs are in no position to urge for the first time in this court that either the jury in its verdict or the court in its findings and judgment could not adopt and act upon this evidence, even though its effect was to vary the terms of the bill of sale in respect of the defendants' guaranty of the title to the personal property covered by it. In the case of *Shroeder* v. *Mauzy,* 16 Cal. App. 447, [118 Pac. 461], the court says: "It has been repeatedly held in this state that where the trial court and the parties to an action proceed to a trial of the cause upon the theory that there is a material issue, and the court, upon evidence addressed to that issue and received without objection, finds in accordance with that evidence and upon the theory that an appropriate issue was raised by the pleadings, 'the parties will not, nor will either of them, be allowed here for the first time to say there was no such issue.' (*Horton* v. *Dominguez,* 68 Cal. 642, [10 Pac. 186]; *Ortega* v. *Cordero,* 88 Cal. 221, [26 Pac. 80]; *Murdock* v. *Clark,* 90 Cal. 427, [27 Pac. 275]; *Klopper* v. *Levy,* 98 Cal. 525, [33 Pac. 444]; *Rudel* v. *Los Angeles Co.,* 118 Cal. 281, [50 Pac. 400]; *Barbour* v. *Flick,* 126 Cal. 628, [59 Pac. 122]; *McDougald* v. *Hulet,* 132 Cal. 154, 163, [64 Pac. 278]; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 309]; *Carroll* v. *Briggs,* 138

Cal. 452, [71 Pac. 501] ; *Roberts* v. *Sierra R. Co.*, 14 Cal. App. 180, [111 Pac. 519, 527].)' ''

This is practically the only point in the case. The judgment and order denying the motion for a new trial are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.