## FRITSCH v. HESS.

No. 2824.    Decided Dec. 19, 1916 (162 Pac. 70).

1. BROKERS—STATUTE OF FRAUDS—WRITING. Letters and telegrams containing real estate broker's contract are sufficient to constitute "some note or memorandum thereof in writing subscribed by the party to be charged therewith," since no particular form of words is necessary to comply with the statute, and almost any kind of writing will be sufficient if signed by the party sought to be charged and containing the essential terms of a contract. (Page 79.)

2. BROKERS—COMMISSION. A broker employed to negotiate a sale of real estate may recover compensation for his services when a customer has been procured by him who is able, willing, and ready to purchase upon the terms named by the seller, even though the sale is not completed; for in such case the service is performed and the opportunity to sell is presented to the owner of the property. (Page 80.)

3. BROKERS—PERFORMANCE—"PROCURE." In order that it may be said that a customer has been "procured" by real estate broker, the seller and the buyer must be brought together so that the seller has opportunity to sell, which is not done unless the broker has either made such a contract with the purchaser, if the purchaser's identity be not disclosed, following the terms fixed by the owner, as will bind the purchaser to the payment of damages in case of breach by the purchaser, or unless seller and buyer are brought together so that the seller can deal directly with the buyer. (Page 80.)

4. BROKERS—PERFORMANCE. Where a broker employed to make a sale of real estate secured no binding agreement to buy from the proposed purchaser, and the only information given the seller was that a certain lady would buy the place, the broker could not recover commission, not having "procured" a customer. (Page 81.)

5. BROKERS—RIGHT OF ACTION FOR COMMISSION. A broker's right to recover on the contract does not depend upon refusal of the owner to sell, but upon the broker's having procured a customer ready, able, and willing to purchase, in which latter event refusal of the owner to sell has no effect whatever upon the broker's right to compensation. (Page 81.)

Appeal from District Court, Third District; *Hon. C. W. Morse*, Judge.

Action by J. A. Fritsch against Henry J. Hess.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Hurd & Hurd* for appellant.

*Edwd. McGurrin* and *W. E. Rydalch* for respondent.

## APPELLANT'S POINTS.

We submit that the plaintiff's right to the commission became fixed and absolute upon the acceptance by defendant of the offer contained in plaintiff's wire of July 11th, and the mere fact that he went further and endeavored to consummate an arrangement whereby the defendant would obtain more ready cash could not in any way alter his right to the commission which was already earned. The fact that he afterwards arranged to advance the cash himself and take the title in his own name; nor the fact that he undertook to furnish defendant certain information which he procured from the Salt Lake Security & Trust Company, as to the balance due on a mortgage on the premises executed by defendant and held by said company, can make no difference. An honest mistake of fact, or as to one's rights, is never sufficient to deprive a broker of his commission or compensation already earned or

to which he would otherwise be entitled. This doctrine is fully established by our Supreme Court in the case of *Neighbor* v. *Realty Association,* 40 Utah 610-619. See also *Lawson* v. *Thompson,* 10 Utah 462.

In the case at bar there was not the slightest concealment of any fact on the part of the plaintiff from the defendant. The evidence showed conclusively that plaintiff made a full disclosure to the defendant of every fact and circumstance which appeared in any way material to the interests of the defendant, or which might have tended to influence the defendant's decision concerning the sale of the property or the terms upon which he would elect to make the sale.

While there are some loose expressions to be found in the authorities to the contrary, the rule laid down by this court is the one supported by the great weight of authority. (1 Clark & Sykes Agcy., 929; *Rochester* v. *Levering,* 104 Ind. 562; *Robertson* v. *Chapman,* 152 U. S. 673.) The general rule is that a real estate broker acts merely as a middleman and has no authority to do more than bring the purchaser and seller together or to submit a proposition from one to the other. (Note to *Leathers* v. *Canfield,* 45 L. R. A. First Series, p. 51.)

This is also the view adopted by this court in the case of *Little & Little* v. *Fleishman,* 35 Utah 566.

LOOFBOUROW, District Judge.

The plaintiff brought this action against the defendant to recover the sum of $150 claimed to be due him for services under employment as a real estate broker. He alleged in the first count of the complaint that he was a duly licensed real estate broker, authorized to sell real estate as agent upon commission, within Salt Lake City, Utah, and that between June 28, 1911, and July 31, 1912, at Salt Lake City, Utah, plaintiff performed services for defendant at defendant's special instance and request in and about the sale of and procuring a customer for the purchase of certain real estate specifically described located in Salt Lake City, Utah, which services were of the reasonable value of $150, no part of which had been paid, though said amount is now due and payment has

been often requested. The second count differed from the first only in that it alleged that for said services the defendant agreed to pay the sum of $150. For a third cause of action the plaintiff alleged that, in the course of the transactions set out in the first and second counts, plaintiff paid out for the defendant, at his special instance and request, the sum of $3.75 in procuring the certification and continuance of an abstract of title to the real estate described in the complaint, and that no part of said amount has been paid, though payment has been often requested. The defendant, answering the complaint, denied each and every allegation therein contained.

The case proceeded to trial before the court without a jury, and at the conclusion of the trial the court made findings of fact as follows:

"That the defendant in writing authorized the plaintiff to sell certain real estate of the defendant, and that thereupon a lengthy correspondence, partly by letter and partly by telegram, ensued, during the course of which the terms of sale were changed at different times.

"That at no time did the plaintiff procure a customer ready, able, and willing to purchase the defendant's property upon terms and conditions then authorized by the defendant or then in force."

From the foregoing, the court found, as conclusions of law, that the plaintiff is not entitled to recover herein. It therefore was adjudged that the plaintiff take nothing and that the defendant recover his costs. Whereupon the plaintiff perfected his appeal to this court, assigning numerous errors, the most essential of which is stated as follows:

"The court erred in making its finding of fact to the effect that at no time did the plaintiff procure a customer ready, able, and willing to purchase defendant's property upon the terms and conditions then authorized by defendant or then in force; that said finding is not supported by the evidence, but the evidence, on the contrary, expressly shows that the plaintiff had procured a customer ready, able and willing to purchase the defendant's property upon the terms authorized and accepted by the defendant."

Defendant contends that there was no contract in writing, as required by chapter 72 of the Session Laws of Utah 1909, amending Comp. Laws 1907, Section 2467, which provides:

"In the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith: * * * (5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

Defendant further contends that the plaintiff did not procure a purchaser ready, able, and willing to purchase upon the terms proposed by the defendant.

From an examination of the evidence in the case, we find that the dealings between the plaintiff and the defendant with reference to the employment of the defendant as agent and with reference to the particular sale claimed to have been made by the plaintiff for the defendant were by correspondence, either by letters transmitted by mail, or by messages transmitted by telegraph. Throughout the dealings the plaintiff was at Salt Lake City, in the State of Utah, and the defendant in the State of California. We find that, so far as the contract of employment between the plaintiff and the defendant is concerned, these letters and telegrams are sufficient to constitute "some note or memorandum thereof in writing subscribed by the party to be charged therewith." It is well settled that no particular form of words is necessary to comply with this statute, and that almost any kind of writing will be sufficient if it be signed by the party sought to be charged and contains the essential terms of a contract. A. & E. Ency. Law (2d Ed.), 848, and cases cited.

Then let us see whether the finding of the court that at no time the plaintiff procured a customer ready, able, and willing to purchase, etc., is sustained by the evidence. The plaintiff testified that he never communicated to the defendant the name of the woman who was the proposed purchaser of the property; that it was the custom in his business not to do so; that in one letter he said, "A lady who is in business in Bingham" is the purchaser. He further testified that the proposed purchaser paid him the sum of one hundred

dollars upon account of the purchase price of the property, and that the receipt, signed only by the plaintiff, which he gave to the purchaser upon receiving the one hundred dollars and the receipt she gave him when he returned said amount of money to her, following the refusal of the defendant to convey the property, were the only writings that passed between them relating to the purchase of the real estate in question; that is, there was no writing signed by the purchaser by which she agreed to purchase the property. Plaintiff further testified that the defendant refused to complete the sale by conveying the property, giving as his reason that his wife refused to join in the deed.

It is undoubtedly true that a broker employed to negotiate a sale of real estate may recover compensation for his services when a customer has been procured by him who is able, willing, and ready to purchase upon the terms named **2, 3** by the seller, even though the sale is not completed; for, in such case, the service is performed, the parties brought together, and the opportunity to sell is presented to the owner of the property. But in order that it may be said that a customer has been ''procured,'' it certainly is necessary that the seller and the buyer be, in some way, brought together so that the seller has the opportunity to sell, the opportunity to do which is, after all, the purpose of the employment between the owner and the broker. This has not been accomplished, that is, the opportunity to sell has not been presented to the owner, unless the broker has either made such a contract with the purchaser, in case the purchaser's identity be not disclosed, following the terms fixed by the owner, as will bind the purchaser to the payment of damages in case of breach by the purchaser, or the seller and the buyer are brought together so that the seller can deal directly with the buyer. If neither of these conditions exist, then no opportunity to sell has been brought to the owner, and the proposed customer has not been ''procured'' in the sense in which that word is used in a broker's contract. *Gunn* v. *Bank of California,* 99 Cal. 349, 33 Pac. 1105; *Mattingly* v. *Pennie,* 105 Cal. 514, 39 Pac. 200, 45 Am. St. Rep. 87; *Pehl* v. *Fanton,* 17 Cal. App. 247, 119 Pac. 400; *Edwards* v. *Laird,* 22 Cal. App. 398, 134

Pac. 365; *Hayden* v. *Grillo*, 35 Mo. App. 647; 19 Cyc. 255, and cases cited.

In the case at bar no binding agreement to buy was made by the proposed purchaser, and the only information given the seller was that "a lady who is in business in Bingham" would buy the place. This information was not **4, 5** sufficiently specific to give the defendant an opportunity to proceed with the transaction directly with the purchaser. It is not claimed by the plaintiff that anything said or done by the defendant prevented the disclosure of the identity of the purchaser by the plaintiff. The letters and telegrams that passed between the plaintiff and the defendant, about seventeen in number, make a voluminous record, and there appears no reason for not disclosing the identity of the purchaser, except, as testified to by the plaintiff, that it was the custom in the business not to do so. It does not appear that anything was done by the defendant that prevented the plaintiff from performing his contract. The plaintiff can only recover upon a contract such as this by showing that he has performed his part of the contract. A refusal on the part of the owner to convey the real estate, for any reason whatsoever, does not entitle the broker to recover compensation unless the broker can show a performance of the contract on his part. The right to recover does not depend upon the refusal of the owner to sell—that is quite beside the case—but it does depend upon the performance of the contract by the broker. He must procure a customer ready, able, and willing to purchase upon the terms named by the owner. If he does that, the refusal of the owner to proceed with the transaction has no effect whatever upon his right to compensation. It is the same whether the deal proceeds to completion or falls by the wayside. We find that the plaintiff has failed to show performance by him of his contract; that is, that he failed to "procure" a customer. The finding of the lower court should stand.

There are other errors assigned which, in view of the conclusion reached on the essential part of the plaintiff's case, need not be discussed.

As to the amount claimed for the cost of bringing the abstract to date, the authority to incur that expense would also

depend upon the plaintiff first procuring a purchaser. No purchaser was procured, so the plaintiff is not entitled to recover such amount.

The judgment of the lower court is affirmed, with costs to the respondent.

STRAUP, C. J., and FRICK, J., concur.